In re CONNELL & SONS.

(District Court, M. D. Pennsylvania. February 28, 1903.)

No. 152.

1. INVOLUNTARY BANKRUPTCY—ATTORNEY'S FEES—LIABILITY OF ESTATE.

An involuntary bankrupt's estate is liable to the bankrupt's attorney only for the reasonable value of the services actually required, irrespective of the services rendered.

2. SAME—CHARACTER OF SERVICES—CLERICAL WORK.

An attorney for an involuntary bankrupt was not entitled to payment from the estate for services in going over and posting the bankrupt's books and writing up extra copies of the schedules, such services being clerical, and not of a professional character.

In Bankruptcy. On certificate from C. A. Van Wormer, referee.

Ralph Levy, for bankrupts.
A. V. Bower, for referee.

ARCHBALD, District Judge. The bankrupts ask for the allowance of an attorney's fee of $150 to be paid as a preferred claim under section 64b of the Bankruptcy Act [U. S. Comp. St. 1901, p. 3447] for professional services rendered them in the performance of the duties required of them by the act. The referee allowed them $75, and the question is whether that was adequate. This is an involuntary case, and the services rendered were in connection with the preparation of the bankrupts' schedules. There is no doubt, according to the evidence, that a large amount of time was spent in gathering together the necessary information to correctly make up the schedules, and, judged by this, the fee claimed is not an unreasonable one. But it is not so much what was done by the attorney as what was really required. The bankrupts are responsible individually to the extent that they employed him, regardless of the character of what he was called upon to do; but not so the estate. This is a preferred claim, and is to be kept down to what it was intended by the act to represent, and that is simply the necessary professional assistance required by the bankrupts to meet the demands of the act upon them. In the present instance the time spent seems to have been mainly taken up in going over the books of the firm and straightening them out by posting and otherwise. A part of this may be regarded as necessary, but a part certainly was not. It was the work of a bookkeeper or an accountant, rather than a lawyer, to post the books and reduce them to the condition where the information they contained would be available, and for this no claim can be made. Neither can there be for the writing up of the extra copies of the schedules after the first one had been made out. This was mere clerical work, which any one could do who wrote a fair hand, and is not to be charged against the estate at professional rates. It hardly seems, therefore, as though more could have been really earned if the assistance rendered was confined to that which falls within the terms of the act, than what was allowed by the referee, but, that no possible injustice may be done, I will raise the amount to $100, beyond which, however, I do not feel that I can go.

Let an attorney fee of $100 be allowed.