## WHITLA & NELSON v. BOYD et al.

### In re LANE LUMBER CO.

(Circuit Court of Appeals, Ninth Circuit.  May 4, 1914.)

#### No. 2336.

1. BANKRUPTCY (§ 439*)—PETITION TO REVISE—SCOPE OF REVIEW.
   On a petition to revise under Bankruptcy Act July 1, 1898, c. 541, § 24b, 30 Stat. 553 (U. S. Comp. St. 1901, p. 3432), only questions of law can be considered.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 915; Dec. Dig. § 439.*]

2. BANKRUPTCY (§ 482*)—ATTORNEYS—CLAIMS.
   Bankruptcy Act July 1, 1898, c. 541, § 64b, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), provides that costs of administration including one reasonable attorney's fee for professional services actually rendered to the bankrupt in involuntary cases while performing the duties prescribed in the act, must be paid in preference to certain other of the indebtedness of the estate. *Held,* that the "duties" there referred to are those imposed by section 7, by which the bankrupt is required to attend the first. meeting of creditors to prepare and file schedules and submit to examination at the first meeting of creditors and at such other times as the court shall order, etc.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

3. BANKRUPTCY (§ 482*)—ATTORNEY FOR BANKRUPT—SERVICES.
   An attorney's testimony that certain charges made against a bankrupt were for advice with reference to a receivership after the bankruptcy proceedings had been instituted and before the schedules were filed and concerning an application to the court for an order looking to the possession of the bankrupt's books, but that he could not state in greater detail what the services consisted of, was too vague and uncertain to serve as the basis of a conclusion that the services were reasonably necessary to enable the bankrupt to perform its duties or to support a finding as to the reasonable value thereof.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

4. BANKRUPTCY (§ 482*)—CLAIMS OF STATE COURT RECEIVER—OBJECTIONS.
   Where prior to adjudication in bankruptcy the bankrupt's property had been placed in the hands of the state court receiver, the question of the receiver's claim against the bankrupt's estate for fees and expenses incurred was a matter for the determination of the bankrupt's trustee and creditors, and hence the bankrupt's attorney was not entitled to charge him for services in resisting the same.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

5. BANKRUPTCY (§ 482*)—ATTORNEY FOR BANKRUPT—SERVICES—ATTENDANCE IN BANKRUPTCY COURT.
   An oral direction by the referee to the bankrupt's attorney to attend hearings before the referee without any order entered on the docket was insufficient to entitle the attorney to an allowance therefor, since the bankruptcy act does not contemplate that the bankrupt shall be represented by an attorney or every occasion when he appears before the referee.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 874–876, 897; Dec. Dig. § 482.*]

Petition for Revision of Proceedings of the District Court of the United States for the Northern Division of the District of Idaho; Frank S. Dietrich, Judge.

In the matter of bankruptcy proceedings of the Lane Lumber Company, a corporation. On petition of Whitla & Nelson, attorneys for the bankrupt, to revise in matter of law a certain order of the District Court (206 Fed. 780) allowing in part petitioners' claim for services rendered to the bankrupt. Affirmed.

Ezra R. Whitla and Ralph S. Nelson, both of Cœur d'Alene, Idaho, and Graves, Kizer & Graves, of Spokane, Wash., for petitioners.

E. N. La Veine, of Cœur d'Alene, Idaho, for respondent trustee.

John H. Wourms, of Wallace, Idaho, for respondent State Bank of Commerce.

Before GILBERT and ROSS, Circuit Judges, and VAN FLEET, District Judge.

ROSS, Circuit Judge. [1] This being a petition to revise, under the provisions of section 24b of the Bankruptcy Act, the judgment of the District Court reversing, with directions, an order made by the referee in bankruptcy, questions of law only can be considered. It is doubtful whether it can be properly said that any such are before us; but, since there is some doubt, we overrule the motion to dismiss and consider the case upon its merits.

The demand of the petitioners, who are attorneys at law, was for services claimed to have been rendered the bankrupt. The demand was itemized; the first four items being as follows:

1911.

| | | | | |
|---|---|---|---|---|
| Aug. | 4. | Advice relating to bankruptcy proceedings instituted against bankrupt | $ 25 | 00 |
| Aug. | 7. | Advice and services relative to bankruptcy proceedings.... | 15 | 00 |
| Aug. | 12. | Advice and services relative to bankruptcy proceedings.... | 15 | 00 |
| | | To services, preparing schedules of bankrupt and services in connection therewith, including application to court for orders upon Lawrence F. Connolly, receiver, to compel him to allow bankrupt to examine books........... | 750 | 00 |

It contained an additional charge of $100 under date August 24th for "preparing proceedings, including objections and brief on objections and contesting receiver's claim for allowance of fees and expenses to himself and attorney fees," and also a series of charges for "attendance in bankruptcy court" on various specified days, at the rate of $50 a day; the whole claim aggregating $2,755. The referee allowed the claimants $2,750, and upon a petition to the court below for the revision of his decision the claim of the petitioners was reduced to $385.

[2] The provision of law upon which the petitioners rely is found in section 64b of the Bankruptcy Act, where it is declared that costs of administration, including "one reasonable attorney's fee, for the professional services actually rendered * * * to the bankrupt in involuntary cases while performing the duties" in the act prescribed, must be paid in preference to certain other of the indebtedness of the

estate. The "duties" there referred to are imposed by section 7 of the act, which, in so far as it is material to be considered, is as follows:

"Sec. 7. Duties of Bankrupt. (a) The bankrupt shall (1) attend the first meeting of his creditors, if directed by the court or a judge thereof to do so, and the hearing upon his application for a discharge, if filed; * * * (8) prepare, make oath to, and file in court within ten days, unless further time is granted, after the adjudication, if an involuntary bankrupt, * * * a schedule of his property, showing the amount and kind of property, the location thereof, its money value in detail, and a list of his creditors, showing their residences if known, if unknown, that fact to be stated, the amounts due each of them, the consideration thereof, the security held by them, if any, and a claim for such exemptions as he may be entitled to, all in triplicate, one copy of each for the clerk, one for the referee, and one for the trustee; and (9), when present at the first meeting of his creditors, and at such other times as the court shall order, submit to an examination concerning the conduct of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and in addition all matters which may affect the administration and settlement of his estate."

[3] In respect to the first three items of the petitioners' bill, the court said that the only evidence pertaining to that was the following testimony of one of the claimants:

" 'And in regard to the advice for which we charged $25 in one instance, and $15 in two other instances, these were matters connected with the Connolly receivership after the bankruptcy proceedings had been instituted and prior to the time schedules were filed and application made to the court for an order. It was relative to getting possession of the books so that we could decide certain matters and things, and in connection with that I cannot say at this time in detail what they were, but I made the charge at the time the services were performed, and I considered them reasonable at the time.' But this evidence is altogether too vague and uncertain to serve as the basis of a conclusion that the services were reasonably necessary to enable the bankrupt to perform its duties, or a finding of the value thereof. In the most favorable view the testimony may be construed as suggesting, not showing, that the advice may have related to the preparation of the requisite schedules; but for all services connected with that duty a distinct charge of $750 is made, which charge, it is to be inferred from the testimony, was also intended to cover the proceedings to secure possession of the bankrupt's books and papers from the receiver. It is therefore held that the showing was insufficient to warrant the referee in allowing any of the three items."

[4] We see no error in this, nor in the disallowance by the court below of the charge of $100 for "preparing proceedings, including objections and brief on objections and contesting receiver's claim for allowance of fees and expenses to himself, and attorney fees."

It appears that prior to the adjudication in bankruptcy, which was made August 1, 1911, the property of the bankrupt had been placed in the hands of a receiver appointed by one of the courts of the state of Idaho, and the question of such receiver's claim against the estate of the bankrupt for his fees and expenses incurred was a matter, as the court below properly held, for the trustee and creditors of the bankrupt.

In the preparation of the schedules which the bankrupt was by the Bankruptcy Act required to file, it was undoubtedly legally entitled to the benefit of legal advice; and so the court below held. But the learned judge, who, it appears from his opinion, gave very careful

consideration to the evidence in the case, found that a reasonable allowance to the petitioners for their legal services in that regard was not $750, but $250, with the further allowance of $35 for clerical work in connection with the schedules. With that finding it is manifest that we cannot interfere on this proceeding.

[5] The remaining items of charge in the petitioners' bill were for "attendance in bankruptcy court" on various specified days, at the rate of $50 a day, aggregating $1,850.

While it was contended by the claimants that their presence on those occasions was in compliance with the express order and direction of the referee, the court below found that the contention was not justified by the evidence.

"One of the claimants," said the court, "testified that the referee asked them to attend all the hearings; but, if it were to be assumed that the referee has authority to require counsel for the bankrupt to be present, surely such direction, to be efficacious, should be made of record, and oral testimony thereof must be rejected as being incompetent. Upon examining what is furnished to me as the referee's docket, containing a large number of orders pertaining to the proceeding, I find no order or direction requiring counsel to be present. There is in the order of August 22, 1911, appointing the time for the first meeting of creditors September 7, 1911, a requirement that the bankrupt and certain of its officers therein named be present at the first meeting of creditors, and also a direction that notice of the order be sent to the bankrupt and its officers and its attorneys of record, the claimants here. Upon the same day—that is, on August 22, 1911—a specific order was formulated and entered requiring the bankrupt and its officers to appear on September 7th, and this is expressly directed to the bankrupt and to P. H. Wall, its president, and N. K. Wall and B. F. O'Neil, its secretary and treasurer respectively; it makes no mention of the bankrupt's counsel. I find no other order bearing upon the subject. With the one exception noted, I am unable to find from the whole record that there was any reasonable need for the attendance of the claimants at the meetings of creditors or the sessions of the court, as counsel for the bankrupt, and considering all services under this head, which were of benefit to the estate or which fall within the rule hereinbefore stated, it is thought that $100 is all that can properly be allowed upon this account."

We quite agree with the court below that the Bankruptcy Act does not contemplate that estates shall be burdened with the expense of furnishing an attorney for the bankrupt every time he appears before the referee, and that while contingencies may arise where the assistance of counsel would be reasonably required for the protection of the bankrupt, and for that reason such expense be justified no such contingency, so far as the record shows, arose in the present case.

We are unable to see that the action of the court below was erroneous in any particular, and, accordingly, affirm its judgment.

The judgment is affirmed, with costs in favor of the respondents and against the petitioner.