---

## In re ZEIS.

(District Court, W. D. New York. February 8, 1916.)

No. 4828.

1. BANKRUPTCY ⊚⟹196—LIENS—EXECUTION.

A lien on personal property levied upon under execution four months before bankruptcy is not lost, unless the execution creditor does something to hinder, delay, or defraud other creditors; but no actual intent need be shown.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ⊚⟹196; Execution, Cent. Dig. § 382.]

2. BANKRUPTCY ⊚⟹196—LIENS—EXECUTION.

Where a sale under an execution issued more than four months before bankruptcy was adjourned about 18 different times, and there would have been no adjournment except with the consent of the execution creditor, other creditors were hindered or delayed, and the execution lien became dormant as against later execution creditors and the trustee in bankruptcy, though the instructions to the sheriff to adjourn the sale were not in writing, and there was no request made to him to release any portion of the property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ⊚⟹196; Execution, Cent. Dig. § 382.]

3. BANKRUPTCY ⊚⟹196—LIENS—EXECUTION.

Under Bankr. Act July 1, 1898, c. 541, § 47, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), providing that the trustee as to all property in the custody or coming into the custody of the bankruptcy court shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and as to all property not in the custody of the bankruptcy court with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied, a trustee in bankruptcy could attack an execution lien acquired more than four months before bankruptcy on the ground that it had become dormant because of repeated adjournments of the sale, as he was in the situation of a junior judgment creditor with an execution lien, and had a right to invalidate the preceding lien for laches, fraud, or dormancy as of the date of the filing of the petition in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ⊚⟹196; Execution, Cent. Dig. § 382.]

4. BANKRUPTCY ⊚⟹196—LIENS—EXECUTION—"REVIVE."

Where because of repeated adjournments of a sale under execution resulting in hindering and delaying other creditors, an execution lien obtained more than four months before bankruptcy had become dormant,

---

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

it could not be revived, so as to restore the benefit of the original lien as against the trustee in bankruptcy whose rights had intervened, though the word "revive" implies bringing back to life or action after suspension.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ☞196; Execution, Cent. Dig. § 382.

For other definitions, see Words and Phrases, First and Second Series, Revive.]

In the matter of George J. Zeis, bankrupt. On review of a decision of the referee in bankruptcy, sustaining objections and disallowing a claim of lien and priority of payment. Claim disallowed, and report approved.

August Becker and J. Ralph Ulsh, both of Buffalo, N. Y., for petitioner.

Arthur J. Adler, of Buffalo, N. Y., for trustee.

HAZEL, District Judge. The referee in bankruptcy sustained the objections of the trustee to the claim of McCarthy Bros. & Ford to proceeds realized on sale of certain property of the bankrupt 'which had been levied upon by the sheriff of Erie county more than four months before the filing of the petition. The claim was disallowed on the ground that the execution lien had become dormant and was unenforceable against the trustee at the time the petition was filed.

[1, 2] The law is that a lien on personal property levied upon by virtue of an execution four months before bankruptcy intervenes is not lost unless the plaintiff does something to hinder, delay, or defraud other creditors. No actual intent need be shown. A mere acquiesence in adjournments of the sale by the sheriff has been held insufficient to render a lien dormant, but in this case the referee has found on the evidence before him that there would have been no adjournment of the sale without the consent of the petitioning creditor, and that such consent, on the authority of Excelsior Company v. Globe Cycle Works, 48 App. Div. 304, 62 N. Y. Supp. 538, was the equivalent of a direction to the sheriff to adjourn it, and thus the other creditors were hindered or delayed. In the absence of any other explanation accounting for such delay I incline to the view that the referee was correct in his conclusion. It makes no essential difference that the instructions to the sheriff to adjourn the sale were not in writing or that there was no request made to him, as in the Globe Cycle Works Case, to release any portion of the property. The evidence showed that the execution in favor of the petitioning creditor was issued in October, 1912, the property levied upon and advertised for sale, and that afterwards the execution sale was adjourned about 18 different times, until March, 1913, when an injunction issued in this proceeding. Under these circumstances there was such delay in the enforcement of the execution as to render the execution lien dormant against later execution creditors and the trustee in bankruptcy. Freeman on Executions (3d Ed.) vol. 2, § 206.

[3] The referee was right, too, in holding that the execution lien, although acquired more than four months before bankruptcy intervened, was subject to attack by the trustee. By the amendment of

1910 to section 47 of the Bankruptcy Act the trustee was vested with the rights, remedies, and powers of a creditor holding a lien. He was in the precise situation of a junior judgment creditor with an execution lien, and had a right to invalidate a preceding lien either for laches, fraud, or dormancy as of the date of the filing of the petition in bankruptcy. Matter of Lane Lumber Co., 213 Fed. 587, 130 C. C. A. 167, 32 Am. Bankr. R. 469. Counsel for petitioner attaches importance to the case of Bailey v. Baker Ice Machine Co., 239 U. S. 269, 36 Sup. Ct. 50, 60 L. Ed. ——; but I think that case was decided upon another principle. It concerns a conditional contract of sale which had been filed within the four months period, and the Supreme Court of the United States held that as the contract was recorded under the recording act of the state the trustee could not assail it.

[4] The petitioner next contends that the execution issued on its judgment against the bankrupt was later revived in such a way as to restore to it the benefit of its original lien, but to this I do not agree. The word "revive," true enough, implies bringing back to life or action after suspension; a judgment upon revival becoming a new judgment. So, also, where the act of revival again brings into being an execution on a levy which had become dormant, the revival is in the nature of a recreation and dates from the act of revival. A dormant execution may still be, as between the parties, a lien, and the judgment may be satisfied on sale of the property, yet as against another, whose rights have in the meantime intervened and become vested, there can be no retrocession of legal rights.

The claim of lien and right to priority of payment is disallowed, and the report of the referee is approved.