### In re MONARCH ACETYLENE CO.

#### (District Court, W. D. New York. February 8, 1916.)

BANKRUPTCY ⬤⇒196—LIENS—EXECUTION.

    Where a sale under an execution issued more than four months before bankruptcy was adjourned seven times with the consent of, though with no specific instructions from, the execution creditors, and the bankrupt was at all times in possession of the property levied upon, and no custodian was in charge, though negotiations were pending for a compromise of the judgments, the executions were dormant as against the trustee in bankruptcy, and he was entitled to assert their invalidity under Bankr. Act July 1, 1898, c. 541, § 47a, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1913, § 9631), providing that the trustee as to all property in the custody of the bankruptcy court shall be deemed vested with all the rights and remedies of a creditor holding a lien and as to all property not in the custody of such court with all the rights and remedies of a judgment creditor holding an execution duly returned unsatisfied.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 306–316; Dec. Dig. ⬤⇒196; Execution, Cent. Dig. § 382.]

In the matter of the Monarch Acetylene Company, bankrupt. On review of an order of the referee. Referee's report approved.

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Frederick O. Bissell, of Buffalo, N. Y., for trustee.
August Becker, of Buffalo, N. Y., for Beals & Co.

HAZEL, District Judge. Substantially the same question here submitted for decision on review was this day decided in Matter of George Zeis, Bankrupt, 229 Fed. 472; but counsel for petitioning creditors urge that the facts herein are essentially different from those of that case. It appears that prior to filing the petition in bankruptcy herein, on March 18, 1914, five executions on judgments recovered in the state court were issued to the sheriff, to wit, in October and November, 1913, which severally remained unsatisfied. The judgment creditors claim to be entitled to priority of payment on the ground that their judgment liens attached four months prior to the bankruptcy and were in actual force at the time of filing the petition. The trustee contested such judgment liens, claiming that they were dormant and invalid as to him.

The record shows that the first sale on execution was advertised to be held on November 28, 1913, but that seven different adjournments followed, each time by and with the consent of attorney for the judgment creditors. In opposition to the claim of dormancy it was testified that the bankrupt, after the sheriff had levied on his property, endeavored through his attorney to obtain money to reorganize the business, and that negotiations were pending during the entire period of adjournments for effecting a compromise on the judgments. It is true the sheriff received no specific instructions from the creditors, Beals & Co., the petitioners, to adjourn the execution sales; but it is nevertheless shown that the attorney was consulted in advance and consented thereto. It also appears that the bankrupt at all times was in possession of the property and assets levied upon and that no custodian was in charge. Under the circumstances I think the doctrine of Excelsior Co. v. Globe Cycle Works, 48 App. Div. 304, 62 N. Y. Supp. 533, applies. In that case the learned court said:

"The law, therefore, seems to be settled that any direction by the execution creditor to the sheriff, which suspends the lien or delays the enforcement of the levy, renders the execution dormant against subsequent creditors or bona fide purchasers. However veiled may be the direction, however much it may be founded on a humane desire to protect the debtor, if it is tantamount to a mandate or instruction to the sheriff to withhold the execution of his process during the interim that he accedes to this demand, the levy ceases to be effective. That doctrine rests on public policy, and is necessary to prevent fraud, and it should receive a fairly rigorous enforcement."

Hence I hold that petitioner's claim was dormant against the trustee in bankruptcy, who had the right to assail its validity. Matter of Lane Lumber Co., 213 Fed. 587, 130 C. C. A. 167, 32 Am. Bankr. R. 469; Matter of Pittsburgh, 215 Fed. 703, 132 C. C. A. 81, 32 Am. Bankr. R. 452; section 47a of the Bankruptcy Act, as amended 1910.

The report of the referee is approved.