**WINCHESTER–SIMMONS CO. v. PHILLIPS et al.**

(Circuit Court of Appeals, Fifth Circuit. December 9, 1926.)

No. 4841.

1. **Bankruptcy** ⬡═⇒345—**Judgment creditor, staying execution, held not entitled to priority after bankruptcy of judgment debtor (Bankruptcy Act, § 47a [U. S. Comp. St. § 9631]; Hemingway's Code Miss. § 607).**

Under Bankruptcy Act, § 47a (U. S. Comp. St. § 9631), a judgment creditor, who refrained from issuing execution in hope that judgment debtor might pay out, *held* not entitled to priority after bankruptcy of judgment debtor, in view of Hemingway's Code Miss. § 607.

2. **Judgment** ⬡═⇒784—**Senior judgment creditor, staying execution pursuant to agreement until lien of execution under subsequent judgment attaches loses priority (Hemingway's Code Miss., § 607).**

Under Hemingway's Code, Miss., § 607, holder of enrolled judgment loses his priority in favor of subsequent judgment creditor by agreeing to stay execution and acting in pursuance of such agreement until lien of execution under subsequent judgment attaches.

Petition to Superintend and Revise Order of the District Court of the United States for the Northern District of Mississippi; Edwin R. Holmes, Judge.

In the matter of the bankruptcy of the Sommers Hardware Company, Inc.; E. B. Phillips, trustee. On petition of the Winchester-Simmons Company to superintend and revise an order of the District Court denying priority to its claim. Petition denied.

Gerald FitzGerald, of Clarksdale, Miss. (Maynard, FitzGerald & Venable, of Clarksdale, Miss., and Osborn & Witty, of Greenwood, Miss., on the brief), for petitioner.

J. L. Roberson, of Clarksdale, Miss. (J. L. Roberson and Roberson, Yerger & Cook, all of Clarksdale, Miss., on the brief), for respondents.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The Sommers Hardware Company, a corporation which was engaged in the retail hardware business in Clarksdale, Miss., was adjudged bankrupt on December 19, 1925, on an involuntary petition filed on that date. Under an order made by the referee, the bankrupt's fixtures and stock of goods were sold. The petitioner, which recovered a money judgment against the bankrupt on February 18, 1925, and had that judgment enrolled more than four months prior to the filing of the bankruptcy petition, asserted the claim that it was entitled to priority in the satisfaction of its judgment out of the proceeds of the sale of the bankrupt's stock of goods. That claim was disallowed.

[1] The following is shown by an agreed statement of facts: No execution was issued on the judgment in favor of the petitioner. Several months prior to the date of the filing of the bankruptcy petition, the petitioner, upon being informed by the bankrupt that it could in time pay all its debts, but that the issue of executions against it would result in the closing of its store, the destruction of its credit and bankruptcy, agreed with the bankrupt not to issue executions, and to give the bankrupt a chance to work out and pay its debts, and the bankrupt agreed to pay as it could, and to prorate its payments among the different judgment creditors, the agreement not calling for the withholding of executions for any given time, but for holding up issuance of writs so long as satisfactory payments were made on the judgment. After that agreement was made, the bankrupt, with the knowledge of the petitioner, continued to conduct its retail business as usual, and during four months prior to bankruptcy bought merchandise, which went into its stock, in the amount of $11,991.62, and sold goods from its stock for the sum of $18,815.14.

[2] It is settled by Mississippi decisions that the priority given by the statute of that state to the holder of an enrolled judgment (Hemingway's Mississippi Code, § 607) is lost in favor of a subsequent judgment creditor by

such holder agreeing to stay execution on his judgment and acting in pursuance of such agreement until the lien of an execution under the subsequent judgment attaches. Michie v. Planters' Bank, 4 How. (Miss.) 130, 34 Am. Dec. 112; Foute v. Campbell, 7 How. (Miss.) 377; Talbert v. Melton, 9 Smedes & M. 9.

Those decisions are in harmony with decisions in other jurisdictions to the effect that such an agreed withholding of an execution is a perversion of the writ, which is intended to enable the creditor to collect his debt, but not to enable him to shield the debtor's property from seizure by other creditors. 23 Corpus Juris, 513. As to the bankrupt's stock of merchandise, the position of the petitioner is similar to what it would have been if, instead of being the holder of an enrolled judgment, execution on which it agreed to stay, it had taken, as security for its debt, a mortgage of the bankrupt of its stock of merchandise which permitted the bankrupt to remain in possession of the mortgaged stock and make sales therefrom without applying the proceeds on the mortgage debt. As against other creditors of the bankrupt such a mortgage would have been invalid. Johnston v. Tuttle Bros., 65 Miss. 492, 4 So. 553; Bank v. Goodbar, 73 Miss. 566, 19 So. 204.

Under section 47a of the Bankruptcy Act (Comp. St. § 9631) the trustee takes the status of a judgment creditor holding an unsatisfied execution as of the time the petition in bankruptcy was filed. Such a lien is superior to that of a senior judgment creditor, who, under such an agreement as the above-mentioned one, stayed execution on his judgment until the bankruptcy petition was filed. It follows that it was not error to rule against the petitioner's asserted claim of priority.

The petition is denied.