## In re GULFPORT FURNITURE CO.
### No. 1007.

District Court, S. D. Mississippi, S. D.
Oct. 24, 1932.

Wadlington, Corban & Grant, of Biloxi, Miss., and H. L. Hammett, of New Orleans, La., for judgment creditors.

R. C. Cowan, of Gulfport, Miss., for trustee.

Ford, White & Morse, of Gulfport, Miss., for First Nat. Bank of Gulfport.

HOLMES, District Judge.

The referee ordered the trustee to pay, as a prior claim, an indebtedness due upon an enrolled judgment against the bankrupt. The trustee, having appealed from the decision of the referee, contends that the judgment creditor lost its lien by negligence in failing to pursue its remedy with due diligence, and in accepting partial payments from the bankrupt during a delay of many months, after the entry of judgment, without the issuance of an execution.

The facts are not in dispute. On May 11, 1931, the New Orleans Furniture Company obtained a judgment against the bankrupt; execution was issued thereon January 26, 1932; and a voluntary petition in bankruptcy filed on January 29, 1932. After the enrollment of the judgment, demand was made upon the debtor for payment, and payments were made in installments of various amounts over a period beginning May 19, 1931, and continuing to November 27, 1931,

which payments aggregated the sum of $2,330.15 on an indebtedness of $8,395.48. The creditor did nothing in the meantime, except repeatedly urge payment of its demand and accept such sums as were tendered thereon. There was no agreement, express or implied, to delay issuance of the writ, and there is no evidence of intent of the parties, or collusion between them, to hinder or delay other creditors. When execution was issued on the judgment, the entire stock of merchandise and fixtures of the defendant were seized under the writ, which was returnable to the April, 1932, term of court. Three days later, a voluntary petition in bankruptcy was filed by the Gulfport Furniture Company, and on the same day, January 29, 1932, it was duly adjudged a bankrupt. A receiver was immediately appointed, pending the election of a trustee. Upon the appointment of the receiver, the judgment creditor directed the sheriff not to sell the property levied upon but to return the writ with a memorandum of the facts. Possession of the property was delivered to the receiver, and it was afterwards sold by the trustee in bankruptcy. Payment of the judgment out of the proceeds was ordered by the referee.

■ Under section 47a of the Bankruptcy Act (11 USCA § 75(a), the trustee here occupies the status of a junior judgment creditor. In re Zeis (D. C.) 229 F. 472; In re Monarch Acetylene Co. (D. C.) 229 F. 474.

It was held in Winchester-Simmons Co. v. Phillips (C. C. A. 5, 1926) 16 F.(2d) 109, that the priority given by statute to the holder of an enrolled judgment is lost in favor of a subsequent judgment creditor by such holder agreeing to stay execution, and staying it until the lien of a subsequent judgment attaches. Mississippi cases decided in 1847 and earlier were cited which sustained the ruling. The petitioner contends that an applicable state statute was overlooked by the parties and not considered by the Court of Appeals in affirming the District Court upon the ground stated, the latter court having denied priority because the judgment creditor failed to meet the burden of identifying the particular property upon which the judgment lien was alleged to have attached, and of showing that such property passed into the possession of the trustee in bankruptcy. The statute referred to was enacted after the rendition of the state decisions followed in the Winchester-Simmons Case, supra, and it provides how the priority of a senior judgment creditor may be forfeited. Article 261,

c. 61, Miss. Code 1857, section 612, Miss. Code 1930.

A brief consideration of applicable principles prior to the enactment of this statute may aid in its proper construction. By the common law, a judgment creditor acquired a lien upon the goods from the test of the writ of fieri facias. By the act of 29th Charles II, the lien attached from the delivery of the writ to the sheriff. An act of 1822 of this state was exactly like the statute of Charles II, and was therefore given the same construction. An act of 1824 bound the property of the defendant from the time of entering the judgment, and it was urged that, in consequence, a sale under a junior judgment was void as against an elder one, and that the property was still subject to be seized in satisfaction of the prior judgment; but the court held that the liens were similar in respect to the fact that each might lose its priority by the act of the creditor himself. The court said: "The lien after all is * * * a mere security, to be pursued with diligence and in good faith. When therefore the law gives to a prior judgment. a right to a prior satisfaction, it intends that this favor shall be pursued with as little delay or injury to other creditors as possible. It may be lost by laches." Michie v. Planters' Bank, 4 How. (Miss.) 130, 34 Am. Dec. 112.

In order to avoid uncertainty in the application of the general doctrine of laches, and to provide a short statute of limitation for the protection of junior judgment creditors, the statute above mentioned was enacted. It appears in article 261, chapter 61, of the Mississippi Code of 1857, which is the prototype of section 612 of the Code of 1930. The latter section is as follows: "612. Judgment—how priority of right forfeited.—A junior judgment-creditor may give written notice to any senior judgment-creditor requiring him to execute his judgment; and if the senior judgment-creditor, being so notified, shall fail, neglect or refuse to have execution issued, and levied within ten days from said notice for the satisfaction of his judgment, he shall lose his priority, and the junior judgment-creditor may cause execution to issue on his judgment and to be levied on any of the property of the defendant, and the proceeds of a sale thereof shall be applied to the junior judgment so levied."

■ The statute affords a junior judgment creditor an adequate, swift, and easy method to protect himself from delay or hindrance in the collection of his debt through the neg-

ligence or contrivance of a senior judgment lienholder. Prior to its enactment he had no such remedy, and the cases of that period held that an agreement to waive or postpone execution, or laches in the issuance thereof, was a fraud upon junior judgment creditors. The reason of the rule was to prevent property from being covered by a fictitious lien or to keep a judgment lien from being collusively used for the benefit of the debtor against junior creditors. Foute v. Campbell, 7 How. (Miss.) 377.

Manifestly the situation was remedied by the enactment of a statute fixing a reasonable time of ten days within which the holder of the senior judgment must act or lose his lien. So far as mere negligence in delaying execution is concerned, prior decisions have no application at the present time, because the reason for the rule having been removed by the enactment of adequate protection to junior judgment lienholders, the rule itself ceased to operate. By failure to give the statutory notice, the junior creditor is deemed to acquiesce in the delay. The receiver or trustee in bankruptcy can never give such notice effectively because his rights are fixed as of a date prior to his appointment, but this is immaterial, as the right claimed is not one vested in him as an ordinary receiver or trustee, but is a borrowed right and remedy belonging to junior judgment creditors by state law, which the trustee is enabled to exercise solely by special provision of the Bankruptcy Act, § 47a. In assuming the role of such a creditor, the trustee cannot shake off the factual conditions which are precedent to such rights and remedies, though he may avail himself of them if they exist.

It is suggested that to withhold execution upon a stock of merchandise would place it in the same attitude as to take a mortgage or deed of trust upon it; but an examination of the cases shows that the reason for holding such instruments void was that subsequent judgment creditors would be prevented from levying upon the property and a fraud thereby perpetrated upon them. These decisions now can have no application in the case of senior and junior judgment creditors, because the latter are fully protected by the statute set out above.

This statute was not called to the attention of the court in the briefs, and is not mentioned in its opinion, in the case of Winchester-Simmons v. Phillips, supra. That of itself should be enough to explain it, but, in addition, other distinguishing features serve to differentiate the two cases; first, there was no agreement in this case to withhold the writ of execution, and, second, the writ in this case was finally issued and the property levied upon prior to the filing of the petition in bankruptcy. Even prior to the statute, in 1843, it was held that a stay of execution which expired before the recovery of a subsequent judgment against the same defendant did not affect the lien of the elder judgment, and, further, that an elder judgment creditor did not lose his priority of lien by mere delay, unless such delay were under circumstances which would warrant an inference of fraud. Foute v. Campbell, 7 How. (Miss.) 377.

The rights of the parties were not changed by releasing possession of the property to the bankruptcy court, as they became fixed at the time the petition in bankruptcy was filed.

From every view of the case presented by the record, the order of the referee appears to be correct, and it is affirmed.