**In Re George PIERCE and Linda L. Pierce, Bankrupts.**

**Bankruptcy Nos. B2–78–2677, B2–78–2678.**

United States Bankruptcy Court, S. D. Ohio, E. D.

April 25, 1979.

Andrew M. Fishman, Columbus, Ohio, for bankrupts.

## OPINION AND ORDER ON ATTORNEY'S COMPENSATION

G. L. PETTIGREW, Bankruptcy Judge.

This matter came on for hearing on the issue of the reasonableness of compensation to the attorney for the bankrupts pursuant to Rule 220 of the Rules of Bankruptcy Procedure. After notice and an evidentiary hearing, now comes the Court to rule on the compensation to be allowed to the attorney for the bankrupts. All of the evidence in this case establishes that the attorney's compensation paid by George Pierce was $225 and that of Linda Pierce was $150. At the time of the first meeting of creditors, neither the attorney filing the petition on behalf of the bankrupts nor his firm was present to represent the interest of the bankrupts. As a result of disagreement with regard to whether the attorney for the bankrupts has performed his contract with the bankrupts and as to the reasonable value of the services performed, the Court set the matter for an evidentiary hearing and an opportunity for both sides to support their position. At the evidentiary hearing, the only testimony or evidence presented was that of the bankrupts. While Mr. Fishman did not appear, his firm was represented, but did not introduce any evidence regarding the payment of fees. Only the statements and arguments of counsel were introduced into the record.

The controversy in this case centers on the question of the reasonable value of the services performed by the attorney for the bankrupts. The facts establish that the

bankrupts went to one of the shopping center legal clinic law offices of Andrew M. Fishman as a result of their financial distress. Upon arriving at the clinic office, the bankrupts had conferences with paralegals and/or legal secretaries only. The conferences were principally for filling out statements of affairs and schedules of assets and debts. The bankrupts testified that they provided information as to all of their creditors, including four doctors who were not listed in the schedules of creditors filed in the case. The bankrupts testified that they conferred with only one attorney, Mr. Fishman, on two occasions for a total of less than twenty-five minutes. They testified that the two discussions centered on the payment of attorney's fees and the signing of petitions and schedules which had been prepared prior to meeting with Mr. Fishman. The bankrupts testified that Mr. Fishman did not answer their questions concerning the pleadings they signed, admonishing them to 'trust him, their lawyer.' They further stated that at no time were they advised of their alternatives to straight liquidating bankruptcy or the implication of filing a voluntary bankruptcy. Essentially, the attorney's argument and statements are that the facts testified to by the bankrupts are inaccurate or untrue.

The bankrupts testified that part of their financial distress related to persistent creditors who pursued them tenaciously, including while on their jobs. It appears there was no discussion of recourse for the collection efforts of the persistent creditors. Also, it appears that the fee discussions involving the bankrupts and their attorney did not involve separating the cases to relieve the tension created by the actions of persistent creditors.

From the evidence before this Court, it appears that the services performed by the attorney for the bankrupts or his paraprofessionals were the preparation and filing of: the bankrupts' voluntary petitions, statements of affairs, and schedules of assets and debts. In addition, the record establishes that there was no initial interview with an attorney to make a professional judgment of the source of the bankrupts' financial distress and the best legal remedy

for that financial distress. The bankrupts did not receive professional advice as to the remedy of bankruptcy. The attorney did not intervene with creditors on behalf of the bankrupts. The attorney did not list all creditors of the bankrupts. Finally, the attorney did not make a Court appearance with the bankrupts at the first meeting of creditors. Based on the above stated facts, we come to the issue of the value of those services rendered by the attorney for the bankrupts.

In *Collier on Bankruptcy*, 14th Ed., Vol. 3A, pg. 1604, it is pointed out that preparing and filing of the bankrupt's schedules entitles the attorney to compensation for those services, "but there is likewise agreement among the authorities that the work involved is often largely clerical or more in the nature of an accountant's work and warrants but a small fee covering the truly professional services." *In re Duran Mercantile Co.*, 199 F. 961, 29 Am.Bankr.Rep. 450 (D.C.N.M.); *In re Connell & Sons*, 120 F. 846, 9 Am.Bankr.Rep. 474 (M.D.Pa., 1903); and *In re Lane Lumber Co.*, 206 F. 780, 30 Am.Bankr.Rep. 749 (Idaho, 1913), aff'd. sub nom. *Whitla & Nelson v. Boyd*, 213 F. 587, 32 Am.Bankr.Rep. 469 (9th Cir., 1914). We are in agreement with these cases. The clerical nature of the preparation of the documents described is established since they were prepared without the intervention of a lawyer and without direct communication between the attorney and the bankrupts.

Underlying the compensation to be allowed for services of professionals in bankruptcy cases is an economic spirit of frugality. *Cle-Ware Industries, Inc. v. Sokolsky*, 493 F.2d 863 (6th Cir., 1974). The essence of the economic spirit of frugality is getting full performance of a contract for professional services and paying for the reasonable value of those services rendered. Certainly this is why § 60d of the Bankruptcy Act provides for the Bankruptcy Court's determination of reasonable amount of the fee for the bankrupt's attorney. See also Rule of Bankruptcy Procedure 220. In these cases we find a minimum involvement of the attorney as a professional counselor at law.

534

This case involves an inversion of the preferred model of professional legal services. Ordinarily, an attorney would: utilize a paraprofessional to gather information and facts; discuss the fact situation and alternative courses of action with the clients; provide legal advice and assistance to clients in choosing a legal remedy to pursue; and, use paraprofessional assistants to prepare pleadings to be used in pursuing the chosen remedy. In this case, the advice and counsel of the attorney was omitted or limited to a very minimal role. With the very limited involvement of the attorney for the bankrupts in mind, we come to value the professional services of the attorney for the bankrupts for preparation and filing of the initial pleadings in this case.

It is determined by this Court that in the case of George Pierce the reasonable value for the legal services rendered by Mr. Fishman is $50. In the case of Linda Pierce, the reasonable value of the services rendered is $25. Therefore, the attorney for the bankrupts is allowed $75 as compensation in these companion cases. Three hundred dollars is to be paid by Andrew M. Fishman, Esq., the attorney for the bankrupts, to the Clerk, U. S. District Court, Southern District of Ohio, within fourteen days of the date of this order with a designation of the bankruptcy cases in which such payment is being paid.

IT IS SO ORDERED.