**In re Stephen J. KLEMEN, Jr., Debtor.**

**Bankruptcy No. 80 B 2556.**

United States Bankruptcy Court,
N. D. Illinois, E. D.

April 27, 1982.

Frank O. Wetmore II, Chicago, Ill., for trustee.

### ORDER

LAWRENCE FISHER, Bankruptcy Judge.

This matter coming on to be heard upon the Application for interim compensation and reimbursement of expenses filed by FRANK O. WETMORE II, Attorney for the Trustee, and due notice of the conduct of said hearing having been given to the Debtor, to all creditors, and other parties entitled thereto, and

The Court having examined the Application, and having considered the detailed written statement of services rendered and expenses incurred, and having heard statements of counsel in support of the Application, and having personal knowledge of some of the services performed and the results achieved thereby, and the Court being fully advised in the premises;

The Court Finds:

1. Taking into account the nature of the services rendered, the time devoted thereto, the benefits resulting to the estate and the time within which such benefits were achieved, the complexity of the problems, the opposition encountered, and the experience, ability and specialization of the Attorney for the Trustee in all matters to which his professional services were directed and addressed, a fair and reasonable allowance for legal services rendered and expenses incurred in these proceedings is $41,346.57, including $40,146.25 for legal fees and $1,200.32 for expenses. This award includes compensation for services rendered by paralegals.

2. FRANK O. WETMORE II's present Application requests the sum of $417.50 as

compensation for paralegal services rendered. It requests $30.00 per hour for 7.25 hours of services performed by Timothy Hubalik and $50.00 per hour for 4 hours of services performed by Jerome Sara. In an Affidavit submitted by FRANK O. WETMORE II in support of his Application he states that the direct cost per hour to his firm for these paralegals is $9.70 for Timothy Hubalik and $24.91 for Jerome Sara. These figures include salaries, medical and life insurance, payroll taxes and pension contributions.

3. The Bankruptcy Reform Act of 1978 provides for compensation of paralegals from the debtor's estate. Section 330 of the Bankruptcy Code provides as follows:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to section 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the time, the nature, the extent, and the value of such services, and the cost of comparable services other than in a case under this title;

11 U.S.C. § 330 (Supp. III 1979). The Bankruptcy Reform Act does not, however, specify what the proper measure should be for awarding compensation for paralegal services. As a result, courts have varied greatly in their compensation awards for paralegals.[1]

4. The legislative history of section 330 states as follows:

In nonbankruptcy areas, attorneys are able to charge for a paraprofessional's time on an hourly basis, and not include it in overhead. If a similar practice does not pertain in bankruptcy cases, then the attorney will be less inclined to use paraprofessionals even where the work involved could easily be handled by an attorney's assistant, at a much lower cost to the estate. This provision is designed to encourage attorneys to use paraprofessional assistance where possible, and to insure that the estate, not the attorney, will bear the cost, to the benefit of both the estate and the attorneys involved.

H.R.Rep.No.595, 95th Cong., 1st Sess. 330 (1977), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5963, 6286.

Subsection (a) [of § 330] provides for compensation of paraprofessionals in order to reduce the cost of administering bankruptcy cases. Paraprofessionals can be employed to perform duties which do not require the full range of skills of a qualified professional. Some courts have not hesitated to recognize paraprofessional services as compensable under existing law. An explicit provision to that effect is useful and constructive.

S.Rep.No.989, 95th Cong., 2nd Sess. 41 (1978), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5827.

This history does not offer concrete guidelines in determining paralegal compensation. Nevertheless, it does suggest that bankruptcy attorneys should follow the practice used in non-bankruptcy areas of charging separately for a paraprofessional's time on an hourly basis. This practice is qualified, however, and the suggestion for utilizing paraprofessionals is made *for the purpose of lowering the overall costs to the estate.*

5. In view of the foregoing, this Court concludes that reasonable compensation for paralegal services within the meaning of

1. The following cases deal with paralegal awards under both the Bankruptcy Act and under section 330 of the Bankruptcy Code: *In re Marsh,* 14 B.R. 615 (Bkrtcy.E.D.Va.1981); *In re Garland Corp.,* 8 B.R. 826 (Bkrtcy.D.Mass. 1981); *In re Quick Release, Inc.,* 6 B.R. 713 (Bkrtcy.D.S.D.1980); *In re Holiday Mart, Inc.,* 9 B.R. 99 (Bkrtcy.D.Hawaii 1980); *In re City Planners & Developers, Inc.,* 5 B.R. 217 (Bkrtcy.D.P.R.1980); *In re Pierce,* 1 B.R. 532 (Bankr.Ct.S.D.Ohio 1979); *In re E. O. Baroff Co.,* 2 Bankr.Ct.Dec. 605 (S.D.N.Y.1976).

section 330 consists of the direct cost of the paralegals (including salary, medical insurance, life insurance, payroll taxes, and pension contribution) plus a 33⅓% charge for overhead directly related to the paralegal services. Accordingly, FRANK O. WETMORE II is entitled to $226.25 as compensation for paralegal services:

Timothy Hubalik — $13.00 per hour X 7.25 hours = $ 94.25
Jerome Sara — $33.00 per hour X 4 hours = $132.00

IT IS THEREFORE ORDERED that FRANK O. WETMORE II, Attorney for the Trustee, be allowed interim compensation for legal fees incurred in the sum of $40,146.25, together with reimbursement of expenses in the sum of $1,200.32, with the following amounts to be applied against such allowance and in reduction thereof:

the sum of $20,962.50 heretofore received by him as interim compensation,

and the sum of $897.28 heretofore received by him as reimbursement of expenses

IT IS FURTHER ORDERED that FRANK O. WETMORE II, Trustee, be, and he is hereby authorized to pay the balance of said compensation and expenses forthwith.