## In re ORTHOPAEDIC TECHNOLOGY, INC., Debtor(s).

### Bankruptcy No. 84 B 3966 G.

United States Bankruptcy Court, D. Colorado.

March 1, 1989.

Steven L. Zimmerman, Zimmerman and Schwartz, P.C., Denver, trustee.

Kelly B. Lambert, U.S. Trustee's Office, Denver, for U.S. Trustee.

## OPINION AND ORDER ON FEES

CHARLES E. MATHESON, Chief Judge.

### I. INTRODUCTION

This matter came before the Court on the Chapter 7 Trustee's Application for Fees. The Trustee in this Chapter 7 case, Steven Zimmerman (the "Trustee"), seeks final compensation for his services and the services of his paralegal, plus the reimbursement of certain expenses incurred during the administration of this estate. He seeks $1,372.09 as compensation for his services—the maximum amount allowed by the schedule for payment in section 326(a) of the Bankruptcy Code. (The schedules used are those in existence prior to the 1984 Amendments since the case was filed prior to those amendments.) The Trustee also seeks allowance of $1,120.50 as compensation for the services of his paralegal under section 330(a)(1). Finally, the Trustee seeks reimbursement, under section 330(a)(2), of $326.25 for stenographic ex-penses, $114.50 for copy expenses, and $9.50 for ordinary postage costs.

### II. ISSUE

The issue presented by these facts is whether and under what circumstances the Bankruptcy Court may compensate the trustee in a Chapter 7 case to the full extent allowed by section 326(a) and wheth-er the Court may then compensate the trustee for the services of a paralegal in an amount that would cause the trustee to receive compensation in excess of the sec-tion 326 maximum limit. In addition, the Court must determine whether the trustee may receive reimbursement for the costs of stenographic services, ordinary postage costs, and copy costs. The comprehensive review of the issues raised by this trustee's fee application creates a matter of first impression in this district, the resolution of which is a core proceeding within the mean-ing of 28 U.S.C. § 157(b)(2)(A).

### III. DISCUSSION

The resolution of these issues turns on the statutory interpretation of sections 326(a) and 330(a) of the Bankruptcy Code. The use of particular language by Con-gress in these two statutes creates an in-terrelationship between the statutes which must be considered and applied.

Section 330(a) specifically allows the Court to compensate the trustee for the "reasonable and necessary services ren-dered by such trustee ... and by any para-professional hired by such trustee." 11 U.S.C. § 330(a). Section 326(a) restricts the amount of compensation that the Court may award to a trustee based upon a per-centage of all monies disbursed during the administration of the estate. Under sec-tion 326 the Court "may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services ..." subject to the percentage limitations. 11 U.S.C. § 326(a).

Section 326 does not explicitly include "any paraprofessional employed" by the trustee in the language used to limit com-pensation to the trustee "for the trustee's services." If, in section 326, Congress in-

tended to place a limitation on the allowed paraprofessional compensation under section 330, then Congress would have used language, as it did in section 330, separately providing for treatment of the trustee and treatment of the paraprofessionals. Section 326, however, addresses only the services performed by the trustee and limits only the compensation allowed to the trustee "for the trustee's services."

The Court concludes, from the clear language of the Code, that section 326 acts to limit compensation to be paid to a trustee for the services rendered by the trustee. If the trustee utilizes the services of a paraprofessional, those services can be separately compensated, subject to the limitation under section 330 that such services be "actual and necessary."

> Compensation awarded pursuant to section 330(a)(1) to a chapter 7 trustee for the trustee's services is subject to the maximum limits of § 326(a), but compensation awarded to a trustee for the services of a paraprofessional employed by a trustee is subject only to the standards for compensation prescribed by § 330(a)(1). *Cavazos v. Simmons*, 90 B.R. 234, 240 (N.D.Texas 1988).

*Cavazos* goes on to state that section 326

> [d]oes not purport to cap the compensation of a paraprofessional employed by a trustee. Section 330(a)(1) treats the services of a paraprofessional separately from the services of a trustee. The Code provision permits the Court to award reasonable compensation both for services "rendered by the trustee" and services rendered "by any paraprofessional persons employed by such trustee." *Cavazos, supra* at p. 239.

The legislative history of section 330 supports the reasoning above. The purpose behind section 330 is to lower the estate's overall costs of administration. The House Report encourages "attorneys to use paraprofessional assistance where possible, and to ensure that the estate, not the attorney, will bear the cost, to the benefit of both the estate and the attorney." H.R.Report 595, 95th Cong. 1st Sess. 330 (1977), U.S.Code Cong. & Admin.News 1978, 5787, 6286; *In*

*re Kleman*, 21 B.R. 77, 78 (Bankr.N.D.Ill. 1982). Attorney use of paraprofessionals is specifically suggested in the report, but lowering of costs to the estate must be suggested to all officers of the estate who are entitled to compensation under section 330(a)(1). *Cavazos, supra* at p. 240. Thus, trustees should be encouraged to use paraprofessionals wherever practical and may receive compensation for the actual and necessary services performed by the paraprofessional.

■ Before compensation is awarded under section 330, the Court must determine that the paraprofessional services are actual and necessary and that the services have value to the estate. 11 U.S.C. § 330(a)(1). Paraprofessional services must be distinguished from those services which tend to be secretarial or clerical in nature. *In re C & J Oil, Inc.*, 81 B.R. 398 (Bankr.W.D.Va. 1987) (Disallowed paralegal compensation where services constituted either legal secretary work or messenger service.) Paraprofessionals are employed to assist a professional in the performance of the professional's duties. Compensation under section 330 may be awarded for paraprofessional services which require independent judgment and decision-making. *In re Quick Release*, 6 B.R. 713 (Bankr.D.S.D. 1980). (Allowed compensation for paralegal services considered creative rather than merely secretarial in nature.)

In the present case the Trustee applied for $1,120.50 as compensation for the services of his paralegal. The services rendered and the time allegedly spent by the paralegal for the estate are listed as follows:

| Telephone Calls | 10 K.L. Clifton | 60 mn. |
| | 12 K. Reeves | 72 mn. |
| Review Financial Activities—ledger | | 30 mn. |
| Deposits and disbursements | | 42 mn. |
| Review Mail | | 150 mn. |
| Dictation—Motion | | 6 mn. |
| Review dictation—motion | | 6 mn. |
| Conference with Trustee—Pleadings | | 90 mn. |
| Intraoffice Conference—Records (8) | | 48 mn. |
| Reconcile Bank Statements | | 372 mn. |
| Section 341 meetings | | 24 mn. |
| Interim Reports | | 120 mn. |
| Disbursements to Creditors and others— Supervise—4 checks | | 30 mn. |
| Supplementary Final Report—Supervise | | 12 mn. |
| General Administrative Closing Tasks | | 192 mn. |
| Other—future completion work/follow-up motion to dismiss | | 120 mn. |

**600**

■ The Trustee's list of paralegal services includes several activities which appear to be purely clerical duties, but were performed by his paralegal without need for any judgmental decisions. Activities such as reviewing mail, making deposits and disbursements and reconciling bank statements appear to be clerical in nature and, absent a more specific showing, should not be separately compensable as professional-type services provided by a paraprofessional.

■ The remainder of the paralegal's services may or may not be compensable. This determination depends upon the reasonableness of the services, whether they are necessary to the estate, the time expended, and the value of the services. 11 U.S.C. § 330(a)(1). The fee application simply does not detail with any certainty exactly what these services entail, for what purpose they were performed, or what value they bring to the estate. The Trustee failed to comply with Bankruptcy Rule 2016 when compiling his request for compensation.

> Bankruptcy Rule 2016 states that:
> An entity seeking interim or final compensation for services, or reimbursement of necessary expenses, from the estate shall file with the Court an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested.

The Trustee is an "entity" who may seek compensation from the Court for services rendered by such trustee and by any paraprofessional employed by such trustee. 11 U.S.C. § 330(a). The Trustee must comply with Rule 2016 by providing the Court with a detailed statement of services rendered by the Trustee and by the Trustee's paraprofessional.

The Trustee bears the burden of proof in all fee matters. *In re Werth*, 32 B.R. 442, 444 (Bankr.D.Colo.1983). The Trustee, and any other entity seeking compensation, must submit a fee application which sufficiently details the services for which compensation is sought. The application must contain sufficiently detailed information to enable the Court to find the services reasonable, actual and necessary. *In re Frontier Airlines, Inc.*, 74 B.R. 973 (Bankr.D. Colo.1986); *Matter of Pothoven*, 84 B.R. 579 (Bankr.S.D.Iowa 1988). Several courts have addressed the sufficiency of fee applications and the detail required to satisfy Bankruptcy Rule 2016. *C & J Oil Co., supra* at p. 403. (Trustee's contemporaneous time records must provide details allowing court determination of value to the estate and reasonableness of time spent.) *Pothoven, supra* at 583. (Fee application must show that services were reasonable, actual and necessary). Time was a major concern to the Court in *In re Roco Corp.*, 64 B.R. 499 (D.R.I.1986). "The absence of detailed contemporaneous time records, except in extraordinary circumstances, will call for a substantial reduction in any fee award." *Id.* at 503. Without adequate time records containing information about the service rendered, the Court cannot determine the time spent by the trustee or paraprofessional, the reasonableness of the services provided, or even the nature of the services allegedly provided. The Court has no basis to determine a proper rate of compensation where the entity seeking compensation fails to comply with Bankruptcy Rule 2016.

On the other hand, this Court has previously expressed its opinion to the effect that time records need not contain such excessive detail as to result in fee applications that are "of such enormous length and detail that they are of little ultimate value in awarding fees." *In re Frontier Airlines, Inc., supra.*

In the instant case there is a significant threshold problem. It is apparent from the application submitted that the paralegal's services were not billed on a time and value basis. Instead, particular activities were allocated an arbitrary number of minutes, which time was then billed at the specified rate for the paralegal. For example, the billing record for the paralegal which was filed reflects the following types of charges:

| Telephone calls | 10–KLC | ( 6 min) | 60 |
| | 12–Kelly R | | 72 |
| Deposits and disbursements | | (12 min) | 42 |
| Review mail | 25 | ( 6 min) | 150 |
| Reconcile bank statements | | ( 6 min) | 372 |
| Interim Reports | | (24 min) | 120 |

The arbitrary allocation of six minutes per telephone call, or six minutes to review mail, is simply not an acceptable approach justifying a fee award under 11 U.S.C. § 330. If fees are to be awarded for such services, the paralegal, like any other professional, must maintain a record of time expended for the particular task involved.

Even assuming the arbitrary time allocation is sufficient, the summary of the paralegal's services for which compensation is sought is lacking in any degree of specificity which would enable the Court to determine the "nature, extent, and the value of such services...." 11 U.S.C. § 330(a)(1). The summary contains no information concerning 132 minutes of telephone calls. The same deficiency exists for 90 minutes of conferences with the Trustee or 48 minutes of intraoffice conferences, and 192 minutes of general administrative closing tasks.

■ The Trustee seeks compensation for 150 minutes of the paralegal's time spent reviewing mail. The request contains no explanation of the paralegal's responsibilities in reviewing mail or use of independent judgment. The application fails to establish why the estate should bear the cost of a paralegal for this matter and why it is not in the nature of nonprofessional clerical overhead cost for the Trustee to bear. *In re Prairie Central Ry*, 87 B.R. 952 (Bankr. N.D.Ill.1988); *In re Cavazos, supra.*

■ Charges for "other-future completion work" are included in the paralegal's time. The billing for "other-future completion work" must be denied. Section 330 provides that compensation to the trustee is payable for actual, necessary services "rendered." The Code requires that the services actually be performed before the compensation is awarded. Therefore, work to be performed does not qualify for actual services rendered.

The above analysis must be applied to the request for compensation for the services performed by the Trustee as well. The Trustee's fee application, although lacking sufficient detail, sets forth the request for compensation of staff services with some slight description of the services provided. However, the request for Trustee compensation merely states "computation of commission" and seeks $1,372.09, the maximum allowed compensation under section 326(a) for this estate.

■ Section 326 is a maximum cap on the Trustee's compensation for the reasonable value of services rendered by the Trustee. *In re Roco Corp., supra; In re Prairie Central Railway, supra.* The determination of a maximum limit under section 326 does not create an entitlement to that amount. The Trustee must show the Court that the services rendered justify compensation at a reasonable rate. 11 U.S.C. § 330(a). "The maximum fee under section 326(a) really has no correlation with fair value for services." *Roco, supra* at 502, 503.

■ The Trustee must comply with Bankruptcy Rule 2016 in order to justify receiving compensation from the estate. The requirement that the paraprofessional's services be explained in sufficient detail applies equally to the services performed by the Trustee and any other entity seeking compensation from the Court. "Applications which give no explanation of the activities performed generally are not compensable." *Pothoven, supra* at 584. Without records explaining the Trustee's activities, the Court cannot determine the reasonable value of services for which the Trustee is entitled to compensation.

The Trustee offers only an accounting of the monies compiled from the assets liquidated by the Trustee and a prayer for a commission based on that accounting which is equal to the maximum compensation permitted by section 326. The problems with this application are compounded by the fact that as part of the Trustee's final report he acknowledges that of the total assets of $49,604.89, $21,775.16 of the funds on hand are in fact property of a related entity being administered in another proceeding by another trustee, and leave is sought to

transfer such funds to that entity. Thus, the creditors of the two estates risk bearing the cost of two trustees' fees.

▉ In addition to his fee under sections 326 and 330, the Trustee seeks reimbursement of stenographic expenses in the amount of $326.25, ordinary postage costs of $9.50 and photocopy expenses of $114.50. Secretarial and clerical services are overhead expenses which are not compensable under section 330(a)(1) or reimbursable under section 330(a)(2). *In re Kreidle*, 85 B.R. 573 (Bankr.D.Colo.1988); *In re Bonds Lucky Foods, Inc.*, 76 B.R. 664, 668 (Bankr.E.D.Ark.1986) (Secretarial tasks are overhead expenses of the attorney and are not additionally compensable.) Overhead expenses, those costs incurred on a day-to-day basis and assessed to all of the firm's clients, are properly included in a professional's hourly rates. These expenses cannot also be billed separately to a bankruptcy estate allowing the professional to recover the expense twice. Overhead expenses, which ordinarily may not be reimbursed or compensated under section 330(a), encompass secretarial and clerical expenses, and ordinary postage costs. *In re Thacker*, 48 B.R. 161, 164 (Bankr.N.D. Ill.1985); *See also, In re Global International Airways Corp.*, 38 B.R. 440, 444 (Bankr.W.D.Mo.1984). (Secretarial services disallowed as part of attorney rate); *In re First Software Corp.*, 79 B.R. 108 (Bankr.D.Mass.1987) (Ordinary postage costs are overhead expenses and are not reimbursable under section 330.) Therefore, the Trustee's request for compensation of stenographic expenses of $326.25 and reimbursement of ordinary postage costs of $9.50 must be denied as overhead expenses.

▉ The Trustee also seeks reimbursement of photocopy expenses. Photocopy costs are reimbursable expenses under section 330(a)(2), but the cost per copy must be reasonable. The Trustee's charge of $.50 per copy is clearly unreasonable in light of the reported fee application cases. While some courts have denied requests for reimbursement of photocopy expenses entirely, *In re National Paragon Corp.*, 68 B.R.

337 (Bankr.E.D.Pa.1986), the trend among bankruptcy courts is to allow such expenses at the actual cost to the applicant. *In re Kreidle, supra; In re Seneca Oil Corp.*, 65 B.R. 902 (W.D.Okla.1986); *In re Island Helicopters Corp.*, 53 B.R. 71 (Bankr.E.D.N.Y.1985) (reasonable allowable cost per copy is $.10.): *In re S.T.N. Enterprises*, 70 B.R. 823, 834 (Bankr.D.Vt. 1987) (maximum allowable cost per copy is $.20.).

In *Seneca Oil*, Judge Bohanon allowed reimbursement to debtor's counsel of photocopy expenses at a rate "comparable to the rates charged by commercial copy shops in the area . . ." *Seneca Oil, supra,* at 913. The Judge warned that denial of such expenses could result in increased hourly rates within the bankruptcy bar or less incentive to practice in the bankruptcy field. Such denial of expenses would lower the incentive for trustees to serve as well. However, Judge Bohanon limited the reimbursement to the actual cost incurred. The attorneys were not able to recover the same amount per copy that they received from their other clients.

The Trustee's application seeks reimbursement of $114.50 for 229 copies, at a rate of $.50 per copy. Absent evidence showing the actual cost to the Trustee, the request for copies is reduced to $.15 per copy as the reasonable rate to be charged per copy in the bankruptcy court. This reduction cuts down on the profit margin built into the Trustee's rate and prevents the Trustee from recovering the cost of overhead expenses expected to be borne by the Trustee. The Trustee shall be allowed reimbursement in the amount of $34.35 for his photocopy expenses.

The courts recognize that trustees receive precious little compensation through sections 326 and 330. However, trustees must absorb certain costs that are not compensable under section 330(a). Secretarial, stenographic, clerical and routine messenger services, and ordinary postage costs are among those expenses properly treated as overhead and are not compensable under the Bankruptcy Code.

## IV. CONCLUSION

In all, the Trustee's application for compensation for the services of the Trustee, and for the services of the paralegal employed by the Trustee, is deficient. The request for stenographic compensation in the amount of $326.25 is denied. The Trustee is not to be compensated or reimbursed under section 330(a) for such services. The request for postage costs of $9.50 will also be denied, since ordinary postage costs are also expenses to be borne by the Trustee. The request for photocopy expenses is reduced to $34.35, a per copy rate of $.15.

The Trustee's request for compensation for paralegal services in the amount of $1,120.50 shall be denied for two reasons. The first reason has to do with the Trustee's failure to adequately detail the nature and extent of the services provided in a manner sufficient to allow the Court to determine the reasonableness of the services or to determine a reasonable amount of compensation. Secondly, from the scant information provided, it appears that a substantial amount of the paralegal's time may have been spent on purely clerical-type matters which are not compensable under 11 U.S.C. § 330.

Finally, the Trustee's request for compensation in the amount of $1,372.09 for his services will be denied for the same lack of detail and specificity as to the services rendered by the paralegal.

Since this is a matter of first impression in this district, the Trustee shall be granted thirty (30) days from the date of entry of this opinion to file an amended application for compensation in conformance with this opinion, failing which this order denying the requested fees and allowing expenses to the limited extent specified herein will become final.