**In re BUSY BEAVER BUILDING CENTERS, INC., Debtor.**

**Bankruptcy No. 90–03924 JKF.**
**Motion No. 91–1851–M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

Dec. 5, 1991.

Joy Flowers Conti and Paula A. Schmeck, Pittsburgh, Pa., for debtor.

Kathleen Robb–Singer, Office of the U.S. Trustee, W.D.Pa., Pittsburgh, Pa.

David W. Lampl, Pittsburgh, Pa., for Official Committee of Unsecured Creditors of Busy Beaver Bldg. Centers, Inc.

Robert P. Simons, Pittsburgh, Pa., for Maryland Nat. Bank.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matter before the court is the Motion for Reconsideration of Order of Court

dated February 25, 1991, which denied interim compensation for certain services rendered by paralegals to or on behalf of the Debtor–in–Possession (hereafter, Debtor). On December 12, 1990, a voluntary Chapter 11 petition was filed by Debtor. Subsequently, Kirkpatrick and Lockhart was authorized, pursuant to an order of this court, to represent Debtor.

Kirkpatrick and Lockhart filed an Application for Interim Compensation and Reimbursement of Expenses with the Bankruptcy Court for services rendered and reimbursement for out-of-pocket expenses incurred during the period of January 30, 1990, through January 26, 1991.[1] Included in the application was requested compensation for paralegal services. Pursuant to Order of Court dated February 25, 1991, this court disallowed compensation for particular services rendered by the paralegals on the ground that the services were solely of a clerical or administrative nature and, therefore, constituted normal overhead. The following non-inclusive list of examples was cited in the Order:

1/7/91 Deitrick, L. File motion at Bankruptcy Court; prepare documents for hearings

1/7/91 DelVecchio, E. Prepare distribution of materials to creditors

1/8/91 Deitrick, L. Preparation of pleadings, documents for hearings

1/9/91 Deitrick, L. Organize pleadings for hearings

1/11/91 DelVecchio, E. Obtain pleadings

1/14/91 DelVecchio, E. Prepared and tabbed binders for hearings

1/8/91 Deitrick, L. Prepare motion and documents for filing and distribution

Thereafter, Kirkpatrick and Lockhart filed this Motion for Reconsideration of the Order of Court dated February 25, 1991, and to Alter or Amend Judgment. In essence, Kirkpatrick and Lockhart argued that compensation for paralegal services should be allowed under § 330(a)(1) of the Bankruptcy Code, as such services were reasonable, necessary, and of value to the estate. On April 16, 1991, a hearing on the Motion for Reconsideration was held during which Kirkpatrick and Lockhart presented testimony to the effect that the disallowed paralegal services are of a nature which are typically performed by paralegals in non-bankruptcy settings, and furthermore, are charged to and compensated by their non-bankruptcy clients. Additional testimony was presented to support the argument that in the absence of paralegal assistance, the burden of performing such services would fall on the attorney, at a greater cost to the bankruptcy estate.

The Reply Memorandum of Law submitted by Kirkpatrick and Lockhart correctly asserts that § 330(a) of the Bankruptcy Code permits paralegal services to be paid from the Debtor's estate, a general proposition with which this court agreed from the outset. Section 330(a)(1) of the Bankruptcy Code provides that the court may award:

> reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title. . . .

11 U.S.C. § 330(a)(1). *See also In re Klemen,* 21 B.R. 77, 78 (Bankr.N.D.Ill.1982). Congressional intent underlying this position of the Bankruptcy Reform Act is clear: "to ensure competent representation of debtors by requiring compensation of attorneys and other professionals serving in a case under Title 11 at the same rate as the attorney or other professional would be compensated for performing comparable services in non-bankruptcy cases." *In re Nucorp Energy, Inc.,* 764 F.2d 655, 658 (9th Cir.1985), citing 124 Cong.Rec.H. 32, 394 (1978) (Statement of Rep. Edwards); 124 Cong.Rec.S. 33, 994 (1978) (Statement of Sen. DeConcini). Section 330 was in-

---

**1.** By agreement of counsel, subsequent applications have reserved the issue addressed herein.

tended to overrule the judicially fashioned doctrine of "economy of the estate" and to ensure adequate compensation for bankruptcy attorneys so that highly qualified specialists would not be forced to abandon the practice of bankruptcy law in favor of more remunerative kinds of legal work. *Id.* at 658 (9th Cir.1985).

■ Debtor's attorneys argue that because paralegal services such as the type at issue often are compensable in non-bankruptcy settings, they should be compensable in bankruptcy cases as well. Testimony was presented from which Debtor's attorneys sought to make the point that the paralegal services denied compensation by this court were similar or identical to services performed by paralegals in non-bankruptcy settings which traditionally are charged to and compensated by non-bankruptcy clients. Although § 330 of the Bankruptcy Code includes "cost of comparable services" language, we do not interpret this language to mandate that paraprofessionals must be compensated for services that are purely clerical. The legislative history of § 330 indicates that the reference to "comparable services" was not meant to change existing law which, in this district, excludes clerical functions. "The rates for similar kinds of services in private employment is ... a point of reference, not a controlling determinant of what should be allowed in bankruptcy cases." S.Rep. No. 989, 95 Cong.2d Sess. 40, *reprinted* in 1978 U.S.Code Cong. & Admin.News, 5787, 5826. Therefore the fact that Kirkpatrick and Lockhart bills its non-bankruptcy clients for paralegal services which are clerical in nature is not controlling in this situation.

The American Bar Association definition of the paraprofessional function is helpful in providing a framework for determining compensable paralegal services. The ABA defines a legal assistant as:

> ... a person, qualified through education, training or work experience; who is employed or retained by a lawyer, law office, governmental agency, or other entity in a capacity or function which involves the performance, under the ultimate direction and supervision of an attorney, of specifically delegated substantive [sic] legal work, which work, for the most part, requires a sufficient knowledge of legal concepts that, absent such assistant, the attorney would perform the task.

"A Legal Assistant As Defined By The American Bar Association," ABA Board of Governors, February, 1986 (hereafter "ABA standard"). The court must determine whether the paralegal services are tasks which require an exercise of professional judgment. Clerical or routine services do not usually require such judgment and are not compensable. *See In re C & J Oil Co., Inc.*, 81 B.R. 398, 404 (Bankr. W.D.Va.1987). These tasks are overhead expenses of the attorney or firm and are built into the attorney's hourly rate, and, as a result, are not additionally compensable. *In re Bonds Lucky Foods, Inc., No. 1*, 76 B.R. 664, 668 (Bankr.E.D.Ark.1986), *citing In re Thacker*, 48 B.R. 161 (Bankr. N.D.Ill.1985).

■ Compensation under § 330 may be awarded for paraprofessional services which require independent judgment and decisionmaking. *In re Orthopaedic Technology, Inc.*, 97 B.R. 596, 599 (Bankr.D.Col. 1989). The rationale is that professionals and paraprofessionals should be utilized in such a way as to minimize the cost to the estate. Consequently, senior partners should not perform services which could be competently performed by associates or paralegals and, likewise, paralegals should not be used to perform tasks which are clerical in nature. *In re Belknap, Inc.*, 103 B.R. 842, 845 (Bankr.W.D.Ky.1989). Therefore compensation for paralegal services will be awarded for paraprofessional services which require independent judgment and decisionmaking, and conversely will be denied for work that is secretarial or clerical in nature.

■ The rule in this district has long been that clerical functions constitute part of overhead and will not be compensated regardless of whether an attorney or a paralegal performs the work. Legal secretaries' work and clerical functions per-

formed by paralegals, although certainly an integral part of any law office, are considered items that make up the cost of office overhead which, in turn, is reflected in the hourly rate charged by the attorney. *In re Yankton College*, 101 B.R. 151, 159 (Bankr.D.S.D.1989). The clerical work for which compensation is sought in this case, whether performed by a legal secretary or a paralegal, is not separately compensable from the estate. *See also Bicoastal Corp.*, 121 B.R. 653 (Bankr.M.D.Fla.1990).

 Both Debtor's attorneys and the United States Trustee acknowledge that work performed by a paralegal which is clerical[2] in nature is not compensable because it is included in overhead and taken into account when the firm's hourly rates are determined. *See In re Orthopaedic Technology*, 97 B.R. at 600; *In re Pothoven*, 84 B.R. 579, 586 (Bankr.S.D.Iowa 1988). *See also In re Wildman*, 72 B.R. 700, 731 (Bankr.N.D.Ill.1987) (overhead includes continuous administrative costs, general costs). Debtor's counsel argues that the paralegal services at issue required independent judgment and decision-making and thus are separately compensable from the estate. However, the fee applications at issue do not provide sufficient information permitting a conclusion that all paralegal services required the exercise of judgment or represented substantive legal work, *see* ABA standard, *supra*, and were more than purely ministerial functions. The primary objective of any fee application submitted in a bankruptcy case is to reveal sufficient data to enable the court to determine whether services rendered were reasonable, actual and necessary. *In re Pothoven*, 84 B.R. 579, 583 (Bankr.S.D.Iowa 1988). It may be true that some activities listed on a fee petition which might at first blush appear to be clerical work actually require experience and skill in the exercise of independent professional judgment. However, it is the fee applicant's burden to prove entitlement to the compensation sought, as well as the reasonableness of the requested compensa-

tion. *In re Bonds Lucky Foods, Inc.*, No. 1, 76 B.R. at 666. In order to meet this burden professionals seeking compensation must submit, among other things, information summarizing the nature and purpose of each particular activity or project, and a statement of the number of hours and the compensation sought for each activity. The local rule is clear as to the detail required. Local R.Bankr.P. 9016.1. The recitation of the paraprofessional services rendered must be clear and concise so as to leave no question in the court's mind that the services required independent judgment and decisionmaking and, therefore, are compensable. Based on the information provided in a completely detailed fee application, the court should be able to determine the proper compensation based on the nature of the services provided rather than on the "title" of the individual performing the service. Thus, an application for compensation of paralegals must establish that the work done required the exercise of professional judgment so as to be separately chargeable to the estate. The fee application must indicate that the services for which compensation is sought are not part of non-professional, clerical overhead.

 Strict adherence to the rules requiring adequate disclosure in fee applications would have eliminated the issues raised herein for this court would have been able to determine from the application whether the requested compensation was based on professional rather than clerical services. Where the description is vague and non-specific, the bankruptcy court will not award compensation. *See In re Bicoastal Corp.*, 121 B.R. at 654. Regardless of whether an attorney or a paralegal provides secretarial or clerical services to the estate, the court will deny compensation under § 330. The court is not required to "indulge in guesswork," nor to "undertake extensive labor to justify a fee for an attorney who has not done so himself." *In re Horn & Hardart Baking Co.*, 30 B.R. 938,

---

**2.** Clerical services include, for example, typing, copying, mailing, filing with the Clerk, delivery to other counsel or clients, obtaining docket sheets or files, calendaring (tickling) events, etc. None of these services is compensable as a separate charge.

944 (Bankr.E.D.Pa.1983). It is not unreasonable to require an attorney seeking compensation to enlighten the court about the nature of his toil and the relation it bears to the case. *Id.* at 944 (Bankr. E.D.Pa.1983). In all future applications filed without sufficient explanation, compensation will not be allowed. Uncertainties arising due to vague applications will be resolved against the applicant. *See In re General Oil Distributors, Inc.,* 51 B.R. 794, 798 (Bankr.E.D.N.Y.1985).

■ Necessary information must be in the fee application itself and should not require an evidentiary hearing. There is authority for the proposition that the fee petition hearing should not be used as a time to explain the entries on the application. *See In re Wildman,* 72 B.R. at 712. Debtor's attorneys presented extensive testimony for the purpose of showing that the paraprofessional services denied compensation by this court were not tasks of a clerical nature but rather were tasks requiring an exercise of professional judgment. Although the testimony adequately supported the contention that many of the services are compensable, in the future, this court will not permit each fee applicant an evidentiary hearing to explain the nature of the services included in the petition for compensation so as to justify such compensation.[3] That is the purpose of the fee application and the local rule governing same. In the future, applicants must fulfill their responsibility of including a sufficient explanation of the services sought to be compensated so the court may make a swift and efficient determination of the reasonableness of the compensation request.

An appropriate Order will be entered.

### ORDER

And now, to-wit, this *5th* day of *December, 1991,* for the reasons set forth in the foregoing Memorandum Opinion, it is ORDERED that the Motion for Reconsideration of this court's order dated February 25, 1991, is GRANTED. Within twenty (20) days of the date of this Order counsel shall file with the Clerk a detailed, amended fee application which shall be captioned "Amended Fee Application Related to Paraprofessional Services Pursuant to Order of December 5, 1991," and shall include a proposed Amended Order which shall set forth only the paraprofessional compensation sought which was previously disallowed. The amended filing shall retain the above motion number. No charges or fees for clerical functions or services shall be included in the proposed Amended Order.

It is FURTHER ORDERED that all future applications shall be submitted in accordance with the dictates of this opinion, the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 9016.1.

It is FURTHER ORDERED that similar amended applications shall be filed within twenty (20) days hereof by all parties who have reserved certain paraprofessional fee issues, said applications to bear the *original* motion numbers.

---

**3.** One witness explained certain entries in this application by indicating that his firm uses the designation "obtaining pleadings" to mean a host of things such as looking up the relevant pleading from the docket sheet in the court file, reading it if necessary, and taking a copy back to the office. Similarly, "preparing documents for filing and distribution" *could,* but does not necessarily, include drafting pleadings and proposed orders or merely assembling them. It could, but does not necessarily, include deciding who has to be served. It may mean merely typing a certificate of service. None of these entries detail which part of the firm's own unstated definition of "preparing" applies.

Because of such obscurities, this court was required to conduct an evidentiary hearing which otherwise was wholly unnecessary. Moreover, despite the hearing, the functions concerning obtaining pleadings still have not been shown to be anything other than clerical. The testimony concerning preparation of documents shed no light on the specific entries in the fee petition at issue. Merely assembling documents is a clerical function whereas drafting pleadings is separately compensable. Thus, even after this hearing, the court cannot conclude that all of the contested services were of a compensable paraprofessional nature.