**In re BERGLUND CONSTRUCTION CO., INC., Debtor.**

**Bankruptcy No. 86–02643–K1G.**

United States Bankruptcy Court,
E.D. Washington.

July 23, 1992.

Anthony E. Grabicki, Randall & Danskin, Spokane, Wash., for Chapter 7 Trustee.

Gary T. Farrell, Asst. U.S. Trustee, Spokane, Wash., for United States Trustee.

MEMORANDUM OPINION

Before JOHN M. KLOBUCHER, Chief Judge, L. WARDEN HANEL and JOHN A. ROSSMEISSL, Bankruptcy Judges, sitting en banc.

JURISDICTION:

This Court has jurisdiction pursuant to Title 28 U.S.C. § 157. This is a core proceeding under Title 28 U.S.C. § 157(A).

## FACTS:

Berglund Construction Co., Inc. is a debtor under Chapter 7 of the Bankruptcy Code. Anthony E. Grabicki, (hereinafter Grabicki), was appointed as the Chapter 7 trustee in the case, and subsequently filed an "Application for Payment of Professional Fees and Expenses" on October 7, 1991. This application requested payment from the estate of $492.00 for the performance of trustee duties. The sum of $240.00 was the maximum amount allowed for trustee compensation pursuant to 11 U.S.C. § 326(a).[1] Grabicki seeks additional compensation of $252.00 in excess of the § 326(a) limit, for trustee duties rendered by his paralegal on this case. This request for compensation in excess of the limit is based on 11 U.S.C. § 330(a)(1).

The United States Trustee, through her attorney Gary T. Farrell, filed a timely objection to the application. The objection argued that the paralegal's preparing interim reports and reconciling estate accounts were in the nature of standard trustee duties under § 328(b), and therefore were subject to the limitations set forth in § 326(a) of the Code.

Grabicki argued that the limitation on fees in § 326(a) applies only to *himself* as trustee, and that paralegal compensation is separately authorized under § 330(a)(1) In support of his argument, he argues that § 330(a)(1) was passed to allow trustees to hire paraprofessionals to perform trustee work, and had Congress intended to limit the compensation paid to a trustee for such paralegal services, it would have expressly done so in § 326.

Grabicki asks the Court to follow the reasoning enunciated in the cases of *In re Orthopaedic Technology, Inc.*, 97 B.R. 596 (Bankr.D.Col.1989) and *Cavazos v. Simmons*, 90 B.R. 234 (Bankr.N.D.Tex.1988). In each of these cases, the Court concluded that § 326 was not designed to limit the compensation of a paraprofessional employed by a trustee.

## ANALYSIS:

Title 11 U.S.C. § 330(a)(1) provides in pertinent part:

Compensation of officers.

(a) After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than a case under this title.

Title 11 U.S.C. § 326 provides in pertinent part:

Limitation on compensation of trustee.

(a) In a case under Chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys distributed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

In determining the meaning of any statute, the words of the statute are "the primary, and ordinarily the most reliable, source of interpreting" its meaning, and when statutory language is clear and unambiguous on its face then it is only necessary for the Court to examine the statutes themselves when determining Congression-

---

**1.** Based on the $2,500.00 in funds available for disbursement, the maximum compensation in this case under § 326(a) is 15 percent on the first $1,000.00 for an amount of $150.00 plus 6

percent on the remaining $1,500.00 for an amount of $90.00, thereby calculating the total sum of $240.00.

al intent. *Watt v. Alaska,* 451 U.S. 259, 266 n. 9, 101 S.Ct. 1673, 1678, n. 9, 68 L.Ed.2d 80 (1981); *United States v. Ron Pair,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989); and *Heppner v. Alyeska Pipeline Service Co.,* 665 F.2d 868 (9th Cir.1981).

Thus when the language of the statutes is plain, "the sole function of the courts is to enforce it according to its terms." *United States v. Borden Co.,* 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939); and *Caminetti v. United States,* 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917).

Another fundamental tenet of statutory interpretation is that a specific statute will prevail over a general statute. Section 330 is a statute generally applicable to compensation of trustees, examiners, and other professionals. By its plain meaning it authorizes the trustees to utilize paraprofessionals in case administration. *Maiatico v. U.S.,* 302 F.2d 880 (D.C.Cir.1962); and *In the Matter of Brown,* 329 F.Supp. 422 (S.D.Iowa 1971).

This Court notes that § 330 treats the services of paraprofessionals separately from the services of a trustee and permits the court to award compensation to both. But, § 330 plainly states "and subject to § 326." However inclusive § 330 might appear, it will not be held to prevail over the unequivocal language of § 326 which sets the maximum limits allowed in compensation to a trustee for trustee duties.

This Court, therefore, declines to follow the analysis set forth in *Cavazos* and *Orthopaedic.* Those decisions were predicated on the statutory interpretation that

§ 326 applies only to the trustee for his or her services. This Court determines that neither professionals nor paraprofessionals may be separately compensated for performing trustee duties beyond the limits of § 326. We find the analyses of *In re Lanier Spa, Inc.,* 99 B.R. 490 (Bankr.N.D.Ga. 1989); and *In re Prairie Central Railway Co.,* 87 B.R. 952 (Bankr.N.D.Ill.1988) persuasive.[2]

Should the Court adopt Mr. Grabicki's argument, § 326 would be rendered meaningless and would potentially allow for an abuse in the trustee fee applications. The Chapter 7 trustee's argument is antithetical to the premise that courts are required to give effect to correlated statutes unless there is a positive repugnancy. *Wood v. United States,* 41 U.S. (16 Pet.) 342, 10 L.Ed. 987 (1842); and *Connecticut National Bank v. Germain,* — U.S. —, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992).

If a trustee chooses to request compensation for paralegal services rather than performing them himself that is his decision; however, the Court can not allow compensation for the performance of trustee's duties beyond the limits clearly established by § 326.[3]

### CONCLUSION:

The Chapter 7 trustee's requested compensation for paralegal services expended performing standard trustee's duties are subject to the limitations of § 326. Therefore, Mr. Grabicki's request for compensation will be limited to the total amount of $240.00.

The Ohio Bankruptcy Court expressed it succinctly when it held that to allow other professionals compensation for services which would and should be performed by the trustee depletes the estate unnecessarily and violates the Bankruptcy Code. *In re Butterbaugh,* 135 B.R. 507 (Bankr.N.D.Ohio 1991).

---

**2.** Courts have uniformly agreed that a bankruptcy estate cannot be additionally charged for attorney services that should have been performed by a trustee. *In re Wildman,* 72 B.R. 700 (Bankr.N.D.Ill.1987), *In re J.W. Knapp Company,* 930 F.2d 386, 388 (4th Cir.1991), *In re King,* 88 B.R. 768, 770 (Bankr.E.D.Va.1988), and *In the Matter of Santoro Excavating, Inc.,* 56 B.R. 546, 549 (Bankr.S.D.N.Y.1986).

It would be inconsistent to allow separate compensation for trustee duties performed by a paralegal while not allowing separate compensation for trustee duties performed by the trustee's attorney or the trustee acting as his own attorney. *In re McKenna,* 93 B.R. 238, 240 (Bankr.E.D.Cal.1988).

**3.** This Court is sympathetic to the trustee as to the costs of case administration in the majority of Chapter 7 cases; however, only Congress has the power to change those set limitations. This Court notes that Congress has recently decided to alter the United States Trustee's fees and Chapter 12 trustee's fees while declining to do so for the Chapter 7 trustee. Therefore, this Court is not inclined to second guess Congress.

The Court will enter an order consistent with this decision.