**In re Marcia L. HAGAN, Debtor.**

**Bankruptcy No. 90–30622–S.**

United States Bankruptcy Court,
E.D. Virginia,
Richmond Division.

Sept. 18, 1992.

Estate of Marcia Hagan, pro se.

Kevin R. Huennekens, Maloney, Yeatts & Barr, P.C., Richmond, Va., trustee.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY,
Bankruptcy Judge.

This matter comes before the Court on the Trustee's Amended Application for Compensation filed on October 22, 1991. Upon consideration of the Trustee's Amended Application and after evidence and argument, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Marcia L. Hagan ("Hagan" or "debtor") filed a voluntary Chapter 7 petition under 11 U.S.C. § 101 *et seq.* ("Bankruptcy Code") on March 6, 1990. Kevin R. Huennekens ("Trustee"), the Chapter 7 trustee for the bankruptcy estate of the debtor, was appointed on March 14, 1990, as Interim Trustee and subsequently confirmed as Trustee at the § 341 meeting of creditors held on April 11, 1990.

The Trustee's Amended Application for Compensation and Reimbursement of Expenses seeks reimbursement for $1,458.85 of itemized expenses, including $1,236 for an expense item labeled "F. Paralegal Support." Time sheets submitted with the application document costs of paralegal time in excess of $1,236. Under the heading "Professional Services Rendered," the Itemized Time Sheets reveal that the Trustee charged the bankruptcy estate for paralegal time in making phone calls, dealing with potential purchasers of real estate, conferring with the Trustee on a plan for administering the bankruptcy case, drafting a real estate sales contract, and drafting motions, legal notices, and complaints.

The Trustee also seeks full statutory compensation under 11 U.S.C. § 326 in the amount of $2,072.66. The Trustee never obtained Court approval for the appointment of an attorney or paralegal to assist the Trustee in carrying out the Trustee's duties.

### CONCLUSIONS OF LAW

Answering the controversial question of whether a this Court can reimburse the Trustee for the expenses of paralegal services requires a discussion of the interplay between sections 330, 326, and 327 of the Bankruptcy Code, the legislative history surrounding Congress' intent on the issue, and case law relevant to the particular facts in this case. According to the Code, section 330 provides for compensation to a trustee, to an examiner, to a professional person, or to the debtor's attorney. Since the Trustee seeking compensation is certainly neither an examiner nor the debtor's attorney, but has submitted Itemized Time Sheets in the nature of an Application for Compensation of a Professional Person, the Court will analyze the statutes of the Code that provide for the reimbursement of the expenses of paralegals employed by a trustee and by a professional person.

### 1. Section 330 Compensation to Trustees for Expense of Paralegal

■ Although 11 U.S.C. § 330 by its plain meaning authorizes the trustee to utilize paraprofessionals in case administration, the trustee cannot recover the cost of employing the paraprofessional beyond the limit 11 U.S.C. § 326 places on the trustee's compensation. *In re Berglund Construction Co., Inc.*, 142 B.R. 947 (Bankr.E.D. 1992). Title 11 U.S.C. § 330(a) plainly states that an award of compensation is "subject to [11 U.S.C.] § 326." Section 326 sets the maximum limits allowed in compensation to a trustee for trustee duties. The court in *Berglund Construction* held that §§ 326 and 330 must be considered together to determine whether a trustee can request compensation for a paralegal in excess of the trustee's statutory limit.

In that case, the United States Trustee objected to the Chapter 7 trustee's application for additional compensation in excess of the § 326 limit for services rendered by a paralegal. The objection argued that the services rendered by the paralegal, preparing interim reports and reconciling estate accounts, were in the nature of standard trustee duties and therefore subject to the limitations of § 326(a) of the Bankruptcy Code. The trustee argued that § 326 only limited the compensation of his personal services, and that § 330(a)(1) authorized a trustee to employ and the estate to separately compensate a paralegal.

The court in *Berglund Construction* found the statutory language to be clear and unambiguous on its face, and relied on traditional methods of statutory analysis to ascertain its meaning. Along with a look to the plain language of a statute, another fundamental tenet of statutory interpretation is that a specific statute will prevail over a general statute. *In re Berglund Construction*, 142 B.R. at 949. The court found section 330 to be a general statute governing the compensation of trustees, examiners, and other professionals. Section 330(a)(1) [1] treats the services of paraprofessionals separately from the services of a trustee and permits the court to award "reasonable compensation for actual, necessary services rendered by such trustee, ... *and* by any paraprofessional persons employed by such trustee...." Bankruptcy Code 11 U.S.C. § 330(a)(1) (emphasis added); *In re Berglund Construction*, 142 B.R. at 949.

However, 11 U.S.C. § 330 plainly states "... and subject to section 326." Section 326 specifically limits the compensation awarded to a trustee. Even though 11 U.S.C. § 330 provides generally for the employment and compensation of a paralegal by a trustee, it will not be held to prevail over the specific language in 11 U.S.C. § 326 which limits the trustee to his statutory compensation. The court held that neither professionals nor paraprofessionals may be separately compensated for performing trustee duties beyond the limits of 11 U.S.C. § 326. *In re Berglund Construction*, 142 B.R. at 949.

This Court and the court in *Berglund Construction* recognize that courts reached the opposite conclusion in *In re Orthopaedic Technology, Inc.*, 97 B.R. 596 (Bankr.D.Colo.1989) and *Cavazos v. Simmons*, 90 B.R. 234 (Bankr.N.D.Tex.1988). In each of these cases, the court concluded that 11 U.S.C. § 326 did not limit the compensation of a paraprofessional employed by a trustee. The court in *Berglund Construction* refused to follow the decisions in *Cavazos* and *Orthopaedic*, which depended on the statutory interpretation that 11 U.S.C. § 326 applied only to the trustee for

---

1. § 330. Compensation of officers
(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney —
(1) reasonable compensation for actual, necessary services rendered by such trustee,

examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title.

his or her personal services. *In re Berglund Construction,* 142 B.R. at 949; accord *In re Lanier Spa, Inc.,* 99 B.R. 490 (Bankr.N.D.Ga.1989); *In re Prairie Central Railway Co.,* 87 B.R. 952 (Bankr. N.D.Ill.). To follow the reasoning in *Cavazos* and *Orthopaedic* would render 11 U.S.C. § 326 meaningless and potentially allow for abuse in trustee fee applications. *In re Berglund Construction,* 142 B.R. at 949–50.

## 2. Section 330 Compensation to Professionals Employing Paralegals

Section 330 of the Bankruptcy Code awards to "a professional person employed under § 327," reasonable compensation for actual, necessary services rendered by such professional person or attorney, as the case may be, and by any paraprofessional persons employed by such attorney. In other words, section 330 provides for the compensation of paralegals employed by an attorney, but that attorney must be employed by the trustee under 11 U.S.C. § 327. The legislative history to 11 U.S.C. § 330 reveals that Congress understood § 330(a) to "provide for compensation of paraprofessionals employed by professional persons employed by the estate of the debtor."

Congress included this provision to encourage attorneys to use paraprofessional assistance when possible to reduce the cost of administering bankruptcy cases. Congress wanted the practice under the Bankruptcy Code to mirror that under nonbankruptcy cases, where the work involved could easily be handled by an attorney's assistant at much lower cost to the estate.

**2.** § 327. Employment of professional persons

(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title [11 U.S.C.S. §§ 101 et seq.].

**3.** Rule 2014. Employment of Professional Persons

(a) Application for an order of employment. An order approving the employment of attorneys' accountants, appraisers, auctioneers,

See H.R.Rep. No. 595 to accompany H.R. No. 8200, 95th Cong., 1st Sess. 329, 330 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 40–41 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5825–5827.

As with the restriction § 330 places on compensation of the trustee (reasonable expenses "subject to § 326"), section 330 requires that the attorney being reimbursed for the expenses of the paralegal be "employed under § 327." Section 327 states the procedure a trustee must follow in the employment of professional persons. Section 327(a) requires the trustee to obtain the court's approval to employ professional persons.[2] Such professionals may not represent any interest adverse to the estate, and must be "disinterested persons." *Id.*

In addition, Federal Rule of Bankruptcy Procedure 2014(a) requires the application for such employment to state specific facts showing the necessity for the employment, the services to be rendered, full disclosure of the identify of the professional, and any connections with the employing party. Bankruptcy Rule 2014(a) also requires notice to parties in interest.[3]

■ These requirements protect the assets of the bankruptcy estate. The existence of an estate may attract volunteers and tempt professionals to perform unnecessary services or to overcharge. *In re Rene Press, Inc.,* 23 B.R. 381, 383 (Bankr. D.Mass.1982). Since the court is charged with the duty of overseeing the entire process of employing and compensating professionals, court approval upon application

agents, or other professions pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest.... The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, any other party in interest....

is an important oversight function. "When there is no compliance with the Code or the rules, a professional may forfeit his right to compensation. The services must have been performed pursuant to appropriate authority.... Otherwise, the person rendering services may be an officious intermeddler or a gratuitous volunteer...." 2 Collier on Bankruptcy, ¶ 327.02 at 327–10 (15 ed. 1992). The result of policy behind §§ 330 and 327 is that estate assets may not be used to compensate professionals who have not been properly employed under § 327. *In re Garland Corp.*, 8 B.R. 826, 828 (Bankr.D.Mass.1981); 2 *Collier on Bankruptcy*, ¶ 330.04, at 330–23 (15th ed. 1992).

### 3. *Bankruptcy Case Law on Compensation of Paralegals*

The same policy against compensating attorneys who have not been approved by order of the court should be extended to the compensation of paralegals who have neither been approved by the court nor been employed by attorneys who have been employed under § 327. The court in *In re Busy Beaver Bldg. Centers, Inc.*, 133 B.R. 753 (Bankr.W.D.Pa.1991), found the ABA definition of "paralegal" helpful in determining compensable paralegal services.[4] The ABA specifically defines a paralegal as working under the ultimate direction and supervision of an attorney, doing substantive legal tasks that an attorney would otherwise have to perform. 133 B.R. at 756. The court noted that clerical or routine services do not usually require such judgment and are not compensable as professional services. *Id.*

 It appears to the Court that if the trustee required the services of a paralegal to do substantive legal work that an attorney would otherwise have to do, then the Court should have oversight over the ne-

cessity of the services and the "disinterestedness" of the paralegal or the party responsible for the paralegal. On the other hand, if the trustee needed a paralegal to perform trustee duties that the trustee would otherwise have to perform, then no court approval is necessary, but the paralegal's compensation comes out of the trustee's statutory payment. The following cases bear out this reasoning.

In the case of *In re Stoecker*, 118 B.R. 596 (Bankr.N.D.Ill.1990), the trustee argued that he and his law firm's staff spent a great deal of time on the Chapter 11 reorganization. He claimed expenses for his staff for over 1300 hours of their time. *Id.* at 599. The court found that, in marked contrast to the law firms, accounting firms, and investment banking firms retained in this case, only the trustee himself was appointed as trustee. The other members of his staff were not appointed as co-trustees nor were any of them sought to be retained under § 327 as additional professional persons to render accounting, *paralegal* or other assistance. 118 B.R. at 603 (emphasis added). The court said that the services of the trustee's staff was therefore not properly compensable from the estate.

The court in *In re Stoecker* held that "absent a prior order authorizing their retention, there is no statutory basis for awarding separate compensation. It therefore is of no consequence whether the trustee's staff performed trustee duties or whether their services were purely professional, as distinct from secretarial or clerical." *Id.* See *In re Grabill Corp.*, 113 B.R. 966, 971 (Bankr.N.D.Ill.1990), *aff'd Grabill Corp. v. Pelliccioni*, 135 B.R. 835 (N.D.Ill.1991); *In re People's Savings Corporations*, 114 B.R. 151, 155 (Bankr. N.D.Ill.1990). These cases deal with the interplay between §§ 327 and 330 and hold

---

**4.** The ABA defines a legal assistant as:
"... a person, qualified through education, training, or work experience; who is employed or retained by a lawyer, law office, governmental agency, or other entity in a capacity or function which involves the performance, under the ultimate direction and supervision of an attorney, of specifically del-

egated substantiative [sic] legal work, which work, for the most part, requires a sufficient knowledge of legal concepts that absent such assistance, the attorney would perform the task."
"A Legal Assistant as Defined by the American Bar Association" ABA Board of Governors, February, 1986 (*cited in* 133 B.R. at 756).

that without prior court approval of employment, an application for compensation for professional services may be denied. The court in *In re Grabill Corp.*, 113 B.R. at 972, held that awards of compensation under § 330 must not only be based on services that are reasonable, necessary and beneficial to the estate but, it must also be authorized by prior order of the Court under 11 U.S.C. § 327.

But for the fact that the trustee in this case happens to be an attorney, the trustee's employment of a paralegal to perform substantive legal work beyond the usual trustee's duties without also employing an attorney to supervise the paralegal appears to this Court to approximate the unauthorized practice of law. It appears to this Court to be unfair to reimburse a trustee who happens to be an attorney for a paralegal's hourly expenses and to refuse to reimburse a non-lawyer trustee under the same circumstances. On the other hand, if the tasks the paralegal performed could have been done by the trustee, then no lawyer was necessary and no compensation will be allowed for assistance in performing the trustee's duties.

The Trustee in the case at bar never obtained court approval for the employment of an attorney under § 327(a), nor did the Trustee submit an application for such employment as required by Rule 2014(a). Because the Trustee never properly employed an attorney under the Bankruptcy Code, the Court cannot compensate the Trustee for the expenses of a paralegal under § 330(a).

Since this court has no statutory basis for separately reimbursing the expense of paralegal services, the Trustee is left with his statutory compensation limit under § 326 with which to pay the costs of his paralegal.

An appropriate order will be entered in accordance with this opinion.