In re Eleazar GONZALES and Robin Lenore Gonzales, Debtors.

Linda J. PETRINO, Former Trustee, Appellant,

v.

Clifford ELEY, Successor Trustee, Appellee.

No. 92–K–799.

Bankruptcy No. 89 B 3917 J.

United States District Court, D. Colorado.

Sept. 28, 1992.

Linda J. Petrino, pro se.

Clifford E. Eley, pro se.

## MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

This case is before me on Linda Petrino's ("former trustee") appeal from the bankruptcy court's orders denying her fees and costs and imposing sanctions for violation of Fed.R.Civ.P. 11. The court below found that the fee application was "excessive, unjustified, and totally unsubstantiated" and denied the application in its entirety. After a sanctions hearing, the bankruptcy court ordered the former trustee to pay Clifford Eley ("successor trustee") $120. As further punishment "for her frivolous filings," the court ordered that the former trustee "receive no further fees, costs, commissions, or statutory fees for or from any case on which she worked as Trustee...." This appeal followed. Because I find that the former trustee was entitled to a hearing on the fee application, I reverse the judgment of the bankruptcy court and remand for further proceedings.

## I. Facts and Procedural History

On March 28, 1989, the debtors filed a petition under chapter 7 of the bankruptcy code. The former trustee was appointed to serve as trustee. On September 7, 1990, the former trustee resigned as trustee and the successor trustee was appointed. Following her resignation, the former trustee struck an agreement ("fee agreement"), on June 19, 1991, with her successor concerning the appropriate division of fees between the two. The stipulation came about because the successor trustee had objected to a number of the former trustee's fee applications. He believed that "the money should not be distributed simply on a pro rata share of who put what time in. [He questioned] the time that she alleges and, of course, [had] serious reservations about the costs." Transcript of June 19, 1991 Hearing at 3, In re Beyl, # 88 B 6528 E (Bankr.Colo.1991). Under the stipulation, the trustees agreed to split on a 50:50 basis, both the statutory fee and any commissions collected. The trustee indicated that he would likely not have any further objections to costs the former trustee claimed in future cases, unless he thought the costs claimed were significantly out of line.[1] The parties reduced the stipulation to writing in later cases and a number of the bankruptcy judges approved it in individual cases.

In the instant case, the former trustee filed a final fee application on January 10, 1992. The application is a three page document, largely devoted to a description of paralegal time totalling 12.6 hours for which the former trustee sought $441.00. Miscellaneous costs of $67.00 brought the total application to $508.00. The successor trustee objected to the fee application on February 7, 1992. That objection is not part of the record on appeal, but I surmise it both objected and sought sanctions against the former trustee. See Record Vol. I, tab 30 ("Upon receipt of said affida-

---

1. I am reading between the lines of the June 19, 1991 transcript. The former trustee there apparently agreed to delete a claim for costs incurred in purchasing certain printers and computer software. The successor trustee noted:

"Other than that, I have no objection to the costs in these cases. Really, unless something like that happens again, I probably won't have any objections in the future as long as they look reasonable." Transcript at 15.

vit, the Court will set down for hearing the Trustee's request for sanctions under Rule 11.''). The bankruptcy court entered an order on February 20, 1992 rejecting the application as "excessive, unjustified and totally unsubstantiated." It further ordered the successor trustee to submit an affidavit of fees and costs incurred in objecting to the application, upon receipt of which the court intended to set a hearing on sanctions.

After receipt of the affidavit, the court set a hearing on sanctions for April 8, 1992. Inexplicably, the former trustee did not appear. After the successor trustee made a number of statements to the court, it granted the request for sanctions. It ordered the former trustee to forfeit any additional fees in any of the cases in which the successor trustee took over. An appropriate written order entered on April 15, 1992. The bankruptcy court later modified its sanction order to exclude fees and costs the former trustee would claim in the *Rossmiller* and *Ideal Insulation* cases. This appeal followed.

## II. Discussion

The former trustee makes a number of arguments in support of her contention that the bankruptcy court's order denying her fees and assessing sanctions should be reversed. She claims that the court does not have the authority to enter a blanket order that will affect all cases still pending in the bankruptcy court; that the decision to award sanctions was arbitrary and capricious; and that the sanctions were not appropriately tailored to be the minimum punishment to deter adequately the improper behavior. I do not address these issues because I find that the bankruptcy court was required to conduct a hearing on the original fee application. Its failure to do so requires me to reverse its decision.

■ 11 U.S.C. § 330(a)(1) provides, in pertinent part

After notice to any parties in interest and to the United States trustee and a hearing, ... the court may award to a trustee reasonable compensation for actual, necessary services ...; and reimbursement for actual, necessary expenses.

It is clear under the code and appropriate rules, that "notice and a hearing" does not necessarily mean a full-blown, contested, evidentiary hearing. See 11 U.S.C. § 102(1)(A). I hold, however, that the bankruptcy court cannot unilaterally strike a fee or cost application without some form of notice and hearing appropriate under the circumstances. *See generally In re Orthopaedic Technology, Inc.*, 97 B.R. 596 (Bankr.D.Colo.1989); *In re Paul*, 100 B.R. 38 (Bankr.D.Colo.1989). As reluctant as I am to burden the bankruptcy court with such a hearing in this case, where the costs the former trustee seeks are nearly 45% of the amount the trustee recovered, I conclude that the statute and considerations of due process require such a hearing.

The former trustee filed her final fee application on January 10, 1992. The successor trustee objected on February 7, 1992. The court denied the fee application on February 20, 1992. Nothing in the record suggests that the court or the successor trustee gave any notice of any hearing before the court denied the fee application. Under such circumstances, I must reverse the denial of the final fee application and the imposition of sanctions and remand for a hearing on the former trustee's final fee application.

■ I remain puzzled and disturbed that the former trustee did not appear at the hearing on sanctions held on April 8, 1992, for which notice was given on March 6, 1992. I confess that I am tempted to construe her cavalier disregard for such an obviously important summons as tantamount to a waiver of appropriate notice and a hearing. Only judicial restraint compels an opposite conclusion.

■ I think it also important to point out that the principal purpose of rule 11 sanctions is to prevent and correct inefficiencies which interfere with a case. *White v. General Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir.1990). Such sanctions should not, however, be an abbreviated alternative to a disciplinary proceeding.

If the former trustee's behavior pervades other cases, the appropriate action, in addition to a rule 11 sanction, is to institute proceedings before the Committee on Conduct.

The bankruptcy court's order for sanctions is reversed and the matter is remanded for a hearing on the former trustee's final application for fees and costs.

